## ALLEN ET AL. *v.* VESTAL ET AL.

DECEDENTS' ESTATES.—*Fraudulent Conveyance.*—*Descent.*—*Action Against Heirs to Subject Land to Execution.*—*Pleading.*—Complaint by a creditor, against the heirs of his deceased debtor, to set aside an alleged fraudulent conveyance of real estate, made by or at the request of the debtor to a part of the defendants, to subject the same, and also other real estate descended from the decedent to all the heirs, to execution on a judgment alleged to have been recovered by the plaintiff against the estate of the debtor, who was alleged to have died insolvent.

*Held,*on demurrer,that the administrator or executor of such decedent's estate· should have been made a party to the action; or, if none had been appointed, such fact should have been alleged, and the appointment of one· procured by the creditor.

*Held,* also, that there should have been an allegation that the debtor's personal property had been exhausted without satisfying the plaintiff's claim..

*Held,* also, that such conveyance was not a joint one to all, but a separate· one to each, of the grantees; each standing upon its own separate facts.

From the Putnam Circuit Court.

*J. J. Smiley* and *W. G. Neff,* for appellants.

*D. E. Williamson, A. Daggy, S. Claypool* and *L. P. Chapin,* for appellees.

PERKINS, J.—Complaint by John Vestal, against the· heirs of Barney Allen, deceased, the material parts of which are:

" That, on the 11th day of October, 1867, said plaintiff, Vestal, obtained a judgment, in the Putnam Circuit Court, against Barney Allen's estate, in the sum of $400, and plaintiff says Barney Allen's estate is wholly insolvent; and the plaintiff further says, that said Barney Allen, during his lifetime, was the owner in fee-simple of the· following described land, to wit: The west half of the· south-east quarter of section thirty-three, township thirteen, range five west; also the north-east quarter of section four (4), township twelve, range five west; that afterward, to wit, on the —— day of ——, 1859 or 1860, the Indianapolis branch of the Bank of the State of Indiana had judgment against Barney Allen and others for about three thousand nine hundred dollars, and execution upon said judgment issued and levied upon land as the land of said Barney Allen, and the same was offered for sale by the sheriff of Putnam county, and struck off to one Tousey, for the Indianapolis branch of the Bank of the State of Indiana, as the purchaser thereof; that afterward, to wit, on the 4th day of June, 1863, said Barney Allen paid said bid and purchase-money to said Indianapolis branch of the Bank of the State of Indiana, out of his.

own money, and caused and procured said branch bank, by her president, to make a conveyance of said land to said defendants Martin Allen, Wiley Allen and Emmeline Saunders, intermarried with Romulus Saunders, who were his adult children, and without any consideration, for the purpose of cheating and defrauding his creditors, and particularly the plaintiff, said Barney being insolvent, and he died without any estate; and plaintiff says, that afterward, to wit, on the — day of ——, 18—, said Emmeline Saunders and her husband, Romulus Saunders, sold and conveyed an undivided one-third of said above described land to Harrison Allen, who had full knowledge of all the facts herein; and plaintiff further says, that, on the — day of ——, 18—, said Wiley Allen departed this life intestate,. and said defendant Joseph Pollom was appointed administrator of said Wiley's estate, and, on the — day of ——, 18—, sold an undivided one-third of said above described real estate to pay the debts of said Wiley Allen, and said Hiram P. Allen became the purchaser, paying nothing therefor; and plaintiff further says, that said Barney Allen was also the owner of the following described land, to wit: Commencing at the north-east corner of the north-west quarter of section four (4), township twelve (12), range five (5) west, running west, eleven rods and seven feet six inches, to a stone; thence south, fourteen rods and two feet, to a stone; thence east, eleven rods and seven feet six inches; thence north, fourteen rods two feet, to place of beginning; and said Barney Allen died seized of same, which descended to Emmeline Allen, widow, (now Emmeline Dunn, intermarried with John Dunn,) and to his heirs, Martin Allen, Harrison Allen, Emmeline Saunders, intermarried with Romulus Saunders, and John Allen, Jemima Allen, William H. Allen, infant children of said widow and said Barney. Wherefore plaintiff prays the court for judgment in the sum of five thousand dollars, and for a decree for the sale of said

land as upon execution, to pay said plaintiff, and for other and proper relief.

A demurrer to the complaint was overruled, and exception entered.

Answer in general denial.

Trial by the court; judgment for Vestal, the plaintiff below, the appellee in this court.

The overruling of the demurrer to the complaint is assigned for error.

This error is well assigned. Aside from its general imperfections, it has one fatal defect. In *The Unknown Heirs of Whitney* v. *Kimball*, 4 Ind. 546, it is said : " There was no allegation in the bill that an administrator had not been appointed on Whitney's estate. This is a good objection. The bill should have made the administrator or executor, if either existed, a party ; and if neither existed, it should have alleged the fact in excuse." See *Leonard* v. *Blair*, 59 Ind. 510. In such a case, it would be the duty of the creditor to procure the appointment of an administrator. See 2 R. S. 1876, p. 492. The complaint in the case now before us is fatally defective in this particular.

In *Law* v. *Smith*, 4 Ind. 56, it is held, that " A man thus indebted may undoubtedly make a voluntary conveyance that will be valid, as such a conveyance should not be attacked by creditors till after his other property is exhausted." See *McNaughtin* v. *Lamb*, 2 Ind. 642.

In the case before us, the conveyance to the children of Barney Allen was not joint. The title to each grantee depends upon its own facts.

Other questions are raised, but they relate to rulings of the court that may not be repeated on another trial, and hence need not be now noticed.

The judgment is reversed, with costs, and the cause remanded, etc.