BAUGH ET AL. *v.* BOLES.

FRAUDULENT CONVEYANCE.—*Complaint by Surety of Defaulting Guardian, to set aside.*—*Death Presumed from Absence.*—*Decedents' Estates.*—*Heirs.*—In an action by the surety of a defaulting guardian, against the guar-

dian and another, to set aside an alleged fraudulent conveyance of real estate by the guardian to his codefendant, the complaint alleged that the guardian had been duly appointed and qualified, with the plaintiff, as surety on his bond, and had received certain moneys belonging to his wards, which he had failed to account for, and which the plaintiff as surety, had been obliged to pay ; that the guardian, being the owner of the real estate in question by virtue of an unrecorded deed, and intending to defraud his creditors, destroyed his deed and procured his grantor to execute a deed conveying the same to his codefendant, who was then an infant ; that the guardian became insolvent, and had been absent from the State, and had not either been seen or heard from, for over fifteen years ; and that, he being presumptively dead, the codefendant was his sole heir.

*Held,* on demurrer, that the guardian is presumed to be dead, that the plaintiff's claim can not be prosecuted against the heir until administration be had on the guardian's estate, and therefore that the complaint is insufficient.

SAME.—*Limitations.—Exception.—Demurrer.*—An action to set aside a fraudulent conveyance must be brought within six years ; but, though the complaint show the expiration of the six years prior to bringing the action, that fact does not render it insufficient on demurrer unless it also shows that the action does not fall within any of the exceptions to the statute.

DEATH PRESUMED FROM ABSENCE.—*Administrator.*—Absence of five years, without tidings, raises the presumption of death, and the appointment of an administrator is proper. See note *a,* 2 R. S. 1876, p. 493.

PLEADING.—*Blank Dates.—Uncertainty.—Demurrer.*—Material blanks as to dates in a pleading may be reached by a motion to make certain, but not by demurrer.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellants.

HOWK, J.—This was a suit by the appellee, against the appellant, to have a certain deed declared fraudulent as against the appellee, and to subject the real estate therein described to sale for the payment of a certain debt, alleged to be due him from the defendant Henry Baugh.

In his complaint, the appellee alleged, in substance, that on the 22d day of February, 1851, the said Henry Baugh was appointed by the probate court of Monroe county, Indiana, guardian of the persons and estates of William F., Eliza, Nancy and John H. Carman, minor heirs of Jacob Car-

man, late of said county, deceased, and, as such guardian, gave bond according to law, with the appellee as his surety therein, in the penal sum of one thousand dollars, and took the oath required by law and entered upon the discharge of the duties of his said trust; that afterward, on the 20th day of October, 1851, the said Henry Baugh, as such guardian, received of one Absalom Carman, of Jessamine county, Kentucky, the sum of two hundred and seventy-five dollars and thirty-three cents, belonging and coming to his said wards, and receipted therefor, a copy of which receipt was filed with and made part of said complaint; that afterward, on the —— day of ——, 18—, said Henry Baugh purchased, from one John M. Anderson, in-lot nine in the town of Harrodsburgh, in said county, for which lot said Anderson and his wife executed to him a deed; that afterward the said Henry Baugh, being greatly involved in debt, and not having sufficient means to pay the same, and the said deed, so executed to him, not having been recorded, with the knowledge and consent of said Anderson, destroyed said deed, and had the said Anderson and his wife, on the —— day of ——, 18—, to execute another deed for said lot to the appellant Walter Baugh, the infant son of the said Henry Baugh, for the express purpose, upon the part of said Henry Baugh, of wronging, cheating and defrauding his creditors, of whom the appellee was one, out of their and his just rights, and to prevent said lot from being applied to the payment of his, said Henry Baugh's, just debts; that said deed was so executed to said Walter Baugh, without any consideration from him to said Henry Baugh, except natural love and affection, and a copy of said deed was filed with the complaint; that, at said date, the said Henry Baugh was insolvent, and had not means sufficient to pay his debts; that, after the execution of said deed to said Walter Baugh, the said Henry Baugh

left this State and had not since returned, without paying any of his debts, or making any settlement with the proper court as such guardian, and without paying over the said money so received by him, as such guardian, or legally accounting for the same to the court or his said wards, in any way, nor had he accounted for the same since he left this State; that afterward, on the 10th day of November, 1866, the said wards having arrived at the full age of twenty-one years, the said Henry Baugh, as their guardian, having wholly failed to account to them or to the court for the said money, so received by him as such guardian, and the said wards then threatening the appellee, as the surety of their guardian, with a suit on said bond, the appellee, being satisfied of the justness of the claim of said wards, and desiring to save the costs and expenses of litigation, as such surety, settled with the said wards, by paying them in the aggregate the sum of six hundred and eight dollars, being the amount jointly due them from said Henry Baugh, as their guardian, as evidenced by their receipts attached to the complaint; that the said Henry Baugh had not paid the appellee the said sum of money, so paid by him as the surety of said Henry, but that the same, with the interest thereon, remained due and unpaid; that the said Henry Baugh at no time had, nor had he at the commencement of this suit, any other property than the said lot, out of which his debt to the appellee, or any part thereof, could be made; that the said Henry Baugh had been absent from this State for fifteen years, during which time there had been no tidings of or from him, and that he was presumptively dead; that the appellant Walter Baugh was the sole surviving heir at law of the said Henry Baugh; and that the said Henry's wife obtained a divorce from him, and therefore had no interest in said real estate. Wherefore the appellee demanded judgment against said Henry and Walter

Baugh for eight hundred dollars; that the said deed to said Walter Baugh might be declared fraudulent and void as against the appellee; that the said real estate might be sold, under the order of the court, for the payment of the said debt of said Henry Baugh to the appellee, and for other proper relief.

To this complaint the appellant Walter Baugh demurred, upon the ground that the facts stated were not sufficient to constitute a cause of action, which demurrer having been overruled by the court, the appellant Walter excepted to the decision, and then answered by a general denial.

The issues thus joined were tried by a jury, and a verdict was returned for the appellee, finding that there was due him the sum of $560.00, for moneys paid by him as the surety of said Henry Baugh, as such guardian. The appellant Walter Baugh moved the court for a new trial; and the appellee having entered a *remittitur* of $60.00 of the amount of the verdict, the court overruled the motion for a new trial, and to this ruling the appellant Walter excepted. Judgment was then rendered on the verdict, declaring that the conveyance to the appellant Walter Baugh, of lot No. 34 in the town of Harrodsburgh, in said county, was fraudulent and void, as against the appellee, and ordering that said lot be sold for the payment to the appellee of the sum of $500.00, and the costs of this suit.

From this judgment, the appellant Walter Baugh has appealed to this court, and has assigned, as errors, the following decisions of the court below:

1. In overruling his demurrer to the complaint; and,

2. In overruling his motion for a new trial.

1. We will first consider the sufficiency of the facts stated in the complaint to constitute a cause of action against the appellant Walter Baugh. We may properly

premise, however, that the complaint is, in some respects, an anomaly in pleading. In the outset of his complaint, the appellee has complained of "Henry Baugh and Walter Baugh," and he has endeavored, apparently, to state a cause of action against both of these defendants. Near the close of his complaint he has alleged, as if it had just occurred to him, that the said Henry Baugh was presumptively dead, because he had not been heard of for fifteen years, and that the appellant was his "sole heir at law." *Nemo est hæres viventis.* In justice to the appellee's attorneys, however, it may be said that these closing allegations were apparently interjected into the original complaint by way of amendment, probably at the suggestion of the court. We allude to this matter, because it is clearly apparent from the entire record, that although the appellee had made Henry Baugh a party defendant to his complaint and action, yet the court below evidently considered and treated the said Henry Baugh as not only dead presumptively, but dead in fact,—so dead that it would not allow an attorney to appear for him in this case.

We are clearly of the opinion, that the appellee's complaint did not state facts sufficient, in any view of this case, to constitute a cause of action against the appellant Walter Baugh. The many blank dates in the complaint are earnestly complained of by the appellant's counsel, as affording sufficient ground for a demurrer to the complaint, for the want of sufficient facts. These blank dates in the complaint are a just subject of criticism; and, perhaps, it would have been error in the court to have overruled a motion requiring the appellee to make his complaint more specific in regard to dates, if such motion had been made. But a demurrer to the complaint, for the want of facts, would hardly reach defects therein, arising merely from the omission of dates.

In this case the appellee failed to allege, as we have

seen, the date of the alleged fraudulent deed to the appellant Walter Baugh. It may be, that the draftsman of the complaint intended or supposed that this defect or omission therein would be supplied by the copy of the deed, which copy, it was alleged, was filed with the complaint. If it were conceded that the deed in question was the foundation of the appellee's alleged cause of action, in such sense that a copy thereof, if filed with, would become a part of, the complaint (which may be regarded as at least very doubtful), yet, as the record fails to show that such copy was in fact filed, the omission of the date of such deed, in the complaint, was not thereby supplied. It may be gathered, however, from the allegations of the complaint, that the deed to the appellant Walter Baugh was executed at least fifteen years prior to the filing of the appellee's amended complaint, on the 1st day of January, 1874, and more than eight years prior to the commencement of this suit, on the 28th day of August, 1867. For it was alleged in said amended complaint, that, after the execution of said deed, the said Henry Baugh left this State; and elsewhere therein it was alleged that said Henry Baugh had been absent from this State for fifteen years, and nothing had been heard of or from him during that time. So that the conclusion may well be drawn from the allegations of the complaint, that the deed to Walter Baugh was executed prior to the 1st day of January, 1859.

In his complaint the appellee evidently relied upon the alleged fraud of Henry Baugh, in procuring the conveyance of the lot to Walter Baugh, for the purpose of cheating and defrauding the creditors of said Henry, as the ground upon which he asked the court to declare the deed to Walter fraudulent and void as against said Henry's creditors. It was necessary, therefore, that the complaint should state facts sufficient to constitute a cause of

action against the said Henry Baugh; for, without such cause of action against the said Henry, it is very certain that the appellee would not and could not have any cause of action against the said Walter Baugh, or his said lot.

It is claimed by the appellant's counsel, that the complaint was bad, on the demurrer thereto for the want of sufficient facts, because it showed on its face that the appellee's alleged cause of action was barred by the statute of limitations, at the commencement of this suit. It is settled by the decisions of this court, that an action, which seeks to have a conveyance of real estate declared to be fraudulent and void as against creditors, comes within the fourth clause of section 210 of the practice act, which provides that actions " for relief against frauds " must be commenced within six years after the cause of action has accrued, and not afterward. 2 R. S. 1876, p. 121. *Musselman* v. *Kent*, 33 Ind. 452; *Cravens* v. *Duncan*, 55 Ind. 347; *Duncan* v. *Cravens*, 55 Ind. 525. It is also settled, that where the complaint shows that the cause of action is within the statute of limitations, and is not within any of the exceptions contained in the statute, such complaint will be bad on a demurrer thereto for the want of sufficient facts. *Potter* v. *Smith*, 36 Ind. 231; *Cravens* v. *Duncan*, supra. In this case, the complaint showed that the alleged cause of action was apparently within the statute, but it did not show that it was not within any of the exceptions contained in the statute. Therefore, the complaint was not bad on this ground.

We have hitherto considered the question of the sufficiency of the complaint, without regard to the allegation therein, that the said Henry Baugh, from the fact averred that nothing had been heard of or from him for fifteen years, was presumptively dead. As before stated, it is apparent from the record of this cause, that although Henry Baugh was made a party defendant in appellee's complaint, yet

the court evidently regarded him as actually dead, and, without process or notice to him of the pendency of the suit, tried and determined the case in his absence.   It has long been an accepted rule of law, both in England and in this country, that where a person has left his usual place of abode, and no intelligence concerning him has been received by his relatives, or by those who would probably hear from him, if living, after the lapse of seven years the presumption of life would cease, and such person would be presumed to be dead.   1 Greenl. Ev., sec. 41, and notes.

In this State, in section 1 of "An act to provide for the management and disposal of the estates of persons who have absented themselves from their usual place of residence, and gone to parts unknown," approved March 5th, 1859, it is provided that when any resident of this State shall have absented himself from his usual place of residence, and gone to parts unknown, for the space of five years, leaving property, real or personal, without having made any sufficient provision for the management thereof, and these things were properly presented to the court having probate jurisdiction in the proper county, in the mode prescribed in said section, it should be presumed and taken by the court that such person was dead, and the court should have jurisdiction of his estate in the same manner and to the same extent as if he were dead, and should appoint an administrator for the settlement of his estate, who should have all the powers and rights over such estate, and be subject to all the duties and liabilities in relation thereto, that appertained to other administrators, under the act providing for the settlement of decedents' estates.  Acts 1859, p. 33; 2 R. S. 1876, p. 493, note *a.*

It seems to us, therefore, that, under the allegations of the appellee's complaint and the statute of this State applicable thereto, Henry Baugh was presumptively dead,

after he had been gone from the State for five years, and no tidings received of or from him by his family within that time. After the lapse of the five years, the appellee, as a creditor of Henry Baugh, could have procured the ap-. pointment of an administrator of his estate, and, under the facts stated in the complaint, such administrator could have procured an order from the proper court for the sale of the lot in controversy, for the payment of such decedent's debts. In section 84 of the act for the settlement of decedents' estates, it is provided that " The real estate liable to be sold for the payment of debts, when the personal estate shall be insufficient therefor, shall include: * *

" *Third.* All lands, and any interest therein, which the deceased in his lifetime may have transferred, with intent to defraud his creditors." 2 R. S. 1876, p. 526.

The appellee's cause of action, as stated in his complaint, was a claim against Henry Baugh, in his lifetime, and at his death it survived against his personal representatives, and not against his heir at law. 2 R. S. 1876, p. 127, sec. 217.

We are clearly of the opinion that the appellee could only collect his claim against the estate of Henry Baugh, by and through an administration of such estate, under the law of this State, and that he can not maintain an action for his said claim against the appellant Walter Baugh, as the heir at law of said Henry Baugh, deceased, until there has first been an administration, under the law, of said decedent's estate. *Leonard* v. *Blair*, 59 Ind. 510; *Langford* v. *Freeman*, 60 Ind. 46; *Allen* v. *Vestal*, 60 Ind. 245.

In any view of the complaint, in this case, it seems to us that it did not state facts sufficient to constitute a cause of action against the appellant Walter Baugh, and that his demurrer thereto ought to have been sustained.

Having reached the conclusion that the appellee's com-

plaint was insufficient, on the appellant's demurrer thereto for the want of facts, we need not now consider or decide any of the questions arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.