Chandler *et al. v.* Chandler.

---

No. 8676.

## CHANDLER ET AL. *v.* CHANDLER.

78    417
137   505

PRACTICE.— *Infant.— Appearance.— Guardian ad Litem.—Supreme Court.*— Where an infant is co-plaintiff with an adult, his appearance by the attorney of the adult is valid; and in such case an appeal to the Supreme Court will not be dismissed because the infant does not appear by guardian or guardian *ad litem.*

DECEDENTS' ESTATES.—*Debts.*—The personal estate of a decedent is the primary fund for the payment of his debts.

SAME.—*Heirs.*—Without administration, an action can not be maintained against the widow and heirs of a decedent, by a creditor, to recover a debt due from the decedent.

SAME.— *Vendor's Lien.—Pleading.—Judgment.*—In an action against a widow and heirs of a decedent, to enforce a vendor's lien against the real estate and heirs of a decedent, to enforce a vendor's lien against the real estate of a decedent, it is error to render a judgment directing the sale of the real estate, without first exhausting the personalty, unless the complaint avers the insufficiency of the personal property to pay the debt.

*Query:* Whether an action will lie, by a creditor of a decedent, against his widow and heirs alone, to enforce a vendor's lien for a debt due by the decedent on the purchase of real estate.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor,* for appellants.

*W. Armstrong,* for appellee.

BICKNELL, C. C.—The appellee sold and conveyed land to his son, William Chandler, and took his note for the purchase-money; the son died in possession of the land, leaving the note wholly unpaid. The appellee then brought this suit against the appellants, who are the widow and infant children of said William Chandler.

The complaint states the foregoing facts. Copies of the deed and note are annexed to the complaint and duly referred to and identified therein. The complaint further states that no letters of administration have been issued on the estate of said William Chandler, and that the note is due and unpaid. The complaint prays for the sale of the land to satisfy the debt and for all other proper relief.

The defendants were duly served with process, failed to appear and were defaulted. A guardian *ad litem* answered for the infants that they knew nothing of the allegations in the complaint, and asked the court to protect their interests.

The complaint was taken as confessed as to the widow, and the cause was submitted to the court for trial upon the complaint so taken as confessed, and the answer of the infants. The court found "for the plaintiff and due him, on the debt in his complaint mentioned, the sum of $1,000," and rendered judgment that the same was a lien upon the land and that the said land, or so much as might be necessary, should be sold as other lands are sold on execution, to satisfy said debt and the costs of suit.

From this judgment an appeal was taken, all the defendants joining therein by their attorney. The errors are assigned by all the appellants jointly by their attorney. They are as follows:

1st. That the complaint did not state facts sufficient to constitute a cause of action.

2d. That the answer of the guardian *ad litem* put nothing in issue.

3d and 4th. That the court erred in rendering the judgment.

5th. That the court had no jurisdiction of the subject of the action.

The appellee moves to dismiss the appeal, because it appears by the record that the two appellants Mildred Chandler and Orion Chandler are infants, not appearing here either by guardian or guardian *ad litem*. The practice act, section 11, requires that an infant, who is a sole plaintiff, shall appear by next friend; but it was always the rule that where an infant is co-plaintiff with an adult, his appearance by the attorney of the adult is valid; "if several sue jointly, and some are within age, and some of full age, and all appear by attorney, it is no error." 2 Comyn's Dig., tit. Pleader, 2 C. 1; *Foxwist* v. *Tremaine*, 2 Saund., Wms. ed., 212, 213 (6); *Resor* v. *Resor*, 9 Ind. 347. The motion to dismiss the appeal is overruled.

There is no valid objection to the answer of the infants; under such an answer for infants, it was the duty of the court to require proof of the facts alleged in the complaint; the record shows that such proof was made. Ordinarily, in a suit to enforce a vendor's lien, the complaint is sufficient without averring that the defendant has no other property subject to execution, of which any part of the debt can be made. The only effect of omitting that averment is that the plaintiff will not be entitled to a decree for a sale of the land in the first instance, to satisfy his debt; his decree, in such a case, will be for the sale of the land to satisfy his debt, in the event only that no other property of the defendant can be found subject to sale on execution. *McCauley* v. *Holtz*, 62 Ind. 205; *Stevens* v. *Hurt*, 17 Ind. 141; *Scott* v. *Crawford*, 12 Ind. 410; *Bowen* v. *Fisher*, 14 Ind. 104; *Martin* v. *Cauble*, 72 Ind. 67. Where, as in the present case, the widow and heirs of the vendee are defendants, peculiar considerations are involved. The rights of a widow, who takes by descent, are created by sections 27 and 31 of the decedents' act; the liability of heirs is regulated by sections 62 and 178 of the de-

cedents' act; and the personal estate of the decedent is the primary fund for the payment of his debts.

An action can not be maintained by a creditor of a decedent's estate against the widow and heirs of such decedent, to recover any of his ordinary debts. *North-Western Conference of Universalists* v. *Myers*, 36 Ind. 375; *Leonard* v. *Blair*, 59 Ind. 510; *Carr* v. *Huette*, 73 Ind. 378. Under these authorities, an action could not be maintained by the appellee against the appellants, to recover the debt due by the decedent, and it may be questionable whether a creditor, not entitled to an action against a widow and heirs, to recover the debt of a decedent, is entitled, as against them alone, to enforce the equitable security of a vendor's lien against the decedent for that debt.

However that may be, the judgment in this case was erroneous, because the complaint contains no averment of insufficiency of the personal property of the decedent.

It was held in *Martin* v. *Cauble, supra*, that while it is not necessary, under the code, to show that the personal remedy is exhausted, yet a judgment or decree directing the sale of the land in the first instance is erroneous, unless it appears from the record that there was no personal property with which the debt might be paid.

The judgment of the court below ought to be reversed, and the cause remanded with instructions to permit the appellants to appear and defend the action.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to permit the appellants to appear and defend the action, and to permit the appellee to amend his complaint.