No. 9296.

## PAULEY, EXECUTOR, ET AL. *v.* LANGDON.

JUDGMENT.—*Lien.—Decedents' Estates.—Pleading.*—In an action to enforce a judgment against the real estate of a deceased judgment debtor, under sections 642 and 645, R. S. 1881, if the complaint do not show that the personal estate has been exhausted or is insufficient, it is bad on demurrer.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellants.

*G. W. Friedley, E. D. Pearson* and *H. H. Friedley*, for appellee.

BICKNELL, C. C.—This was a proceeding under article 35 of the civil code of 1852, to enforce a judgment against the real estate of a deceased judgment defendant.    Langdon had a judgment against Turner, Bullard, Roddy and Hight upon a joint note, in which Turner was principal and the others were his sureties.    The judgment was rendered in January, 1875.

In September, 1875, Roddy died seized of real estate, which by his will was devised to his two sons, who were his only heirs at law.    Roddy's executor, acting under the will and without any order of court, and not for the purpose of paying said judgment, sold and conveyed all of said real estate except five acres; part of it he sold to Smith on the second of March, 1876, and the other part he sold to Wiley on September 14th, 1877.    One of Roddy's sons died in September, 1880; the other then became sole owner of said five acres; he was the only heir of his deceased brother.

The executor, on demand by Langdon, refused to pay the judgment.

In 1880 Langdon commenced this suit against the executor, Wiley, Smith and the surviving son of Roddy.    The complaint as amended stated the foregoing facts, and, also, that in 1879 and 1880 execution had been issued on said judgment, on which all the property of said Turner, Bullard and Hight, had been exhausted, and that $1,100 of the judgment remained unpaid.

The complaint as amended prayed that the judgment might be revived as against all the defendants, and that said conveyances to Smith and Wiley should be decreed subject to the lien of said judgment, and that the plaintiff might have execution against said real estate, and all other proper relief.

Separate demurrers of the defendants to this amended complaint were overruled; the defendants pleaded the general denial, and there were other pleadings by the defendants, to which demurrers were sustained.

The issues joined upon the complaint and the general denial were tried by the court.    The court found for the plain-

tiff, and rendered a judgment that the plaintiff should have execution, and that after exhausting the property of Turner, Bullard and Hight, such execution should be levied upon said real estate, and the same should be sold without relief, etc.

The defendants appealed.

Several errors are assigned, but the decision of the first one will dispose of the case. It is as follows:

1st. The court erred in overruling the separate demurrers of the appellants to the amended complaint.

One objection to the complaint is, that it contains no averment that the other property belonging to Roddy's estate, in the hands of said executor, has been exhausted; it contains no statement as to such property.

In support of the complaint the appellee refers to *Decker* v. *Gilbert*, 80 Ind. 107, in which it was held that where a judgment debtor conveys his land, and afterwards, before execution issued, dies, his creditor must enforce his judgment lien by suit, and need not aver in his complaint that there is no property of the debtor's estate of which the judgment may be made. That case, however, was not, as the case at bar is, a proceeding under article 35, *supra.* The court there said: "The action * * * is not founded upon article 35 of the code of 1852. It was not a proceeding to enforce a judgment against the real estate of a deceased judgment defendant. The land was not owned by Bond, the judgment debtor, at the time of his death. * * * Neither does the complaint profess to make a case within the provisions of article 35."

That case, therefore, is not in point here, and is not in conflict with any of the cases previously decided, some of which will be cited in this opinion.

The appellee also refers to the case of *Hill* v. *Sutton*, 47 Ind. 592, in which he says that a complaint was sustained which did not contain the averment now under consideration. But in that case all the defendants, except the widow of the judgment debtor, made no objection to the complaint; the widow, who was remaining in possession of the land after her

husband's death, filed a demurrer to the complaint for want of facts sufficient, etc., and her demurrer was sustained; the other defendants on appeal objected to the sufficiency of the evidence, but that objection was not considered, because all the evidence was not in the record.

The case in 47th Indiana, therefore, furnishes no authority in support of the position of the appellee.

Article 35 of the civil code must be considered in connection with the provisions of the decedents' act, in reference to the liabilities of heirs, devisees and distributees.    2 R. S. 1876, p. 554, sections 178 to 187.

The personal estate of a decedent is the primary fund for the payment of his debts.    *Chandler* v. *Chandler*, 78 Ind. 417.

In *Allen* v. *Vestal*, 60 Ind. 245, the plaintiff had a judgment against his deceased debtor's estate; he filed a complaint against the debtor's heirs and others to set aside an alleged fraudulent conveyance of land by the debtors to some of the defendants, and to subject it and other lands which had descended to the heirs from the debtor to execution on his judgment.    The complaint was held bad on demurrer, and one of the defects was that the complaint did not aver that the other property belonging to the deceased debtor's estate had been exhausted.

For aught that appears upon the complaint in the case at bar, Roddy's personal property may have been ample to pay the plaintiff's claim without resorting to the lands sold to Smith and Wiley, or to the five acres which descended to Roddy's surviving son.    *Baugh* v. *Boles*, 35 Ind. 524; *Stevens* v. *Songer*, 14 Ind. 342, 344.

The property of the deceased must be first exhausted even where such conveyances were without consideration.    *Law* v. *Smith*, 4 Ind. 56.

The court erred in overruling the demurrers to the complaint; and, as the judgment must be reversed for this error, it is unnecessary to consider the other errors assigned.

The cause should be remanded with instructions to sustain the demurrer to the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to the court below to sustain the demurrer to the complaint.