Rinard *et al. v.* West.

No. 10,614.

RINARD ET AL. *v.* WEST.

DECEDENTS' ESTATES.—*Liability of Heirs to Creditor.—Statute Construed.—Complaint.*—The suit against heirs, etc., authorized by section 2442, R. S. 1881, only lies where there has been administration of the intestate debtor's estate, and the defendants have received assets therefrom, and the plaintiff's claim remains unpaid; and a complaint which does not aver these facts, and, also, does not contain such averments as would make a good cause of action against the deceased debtor, is bad on demurrer.

SAME.—The word "representatives," used in section 2443, R. S. 1881, means only executors and administrators.

RES ADJUDICATA.—Where on appeal a case is reversed on account of the insufficiency of the complaint, its subsequent amendment as to the defects pointed out by the Supreme Court does not make it good with respect to others not considered.

From the Henry Circuit Court.

*J. H. Mellett* and *J. Brown,* for appellants.

*W. Grose, R. Gregory* and *E. H. Bundy,* for appellee.

HAMMOND, J.—This case was in this court before, and is reported in 48 Ind. 159. The complaint was then in three paragraphs, each of which was held insufficient, and upon that account the judgment was reversed. On being remanded to the circuit court of Delaware county the venue was changed to the court below. The appellee then filed an amended complaint in two paragraphs, to each of which the appellants unsuccessfully demurred for want of facts. Issues were made; trial by jury; verdict for appellee; and judgment on the verdict over the appellants' motion for a new trial.

It is claimed in this court that the court below erred in overruling the appellants' demurrer to the complaint, and also in overruling their motion for a new trial.

We set out the first paragraph of the complaint in full, which is sufficient for our purpose, as the appellee's counsel say in their brief, "The second paragraph of the complaint is substantially the same as the first."

The first paragraph of the complaint is as follows:

"William West complains of Adam Rinard and Emma Jane Rinard, and says that plaintiff was, on the 19th day of

January, 1855, a resident of said county of Delaware and the owner of a farm in said county, of which some forty-five acres were cleared, fifteen of which were in wheat; and besides owned personal property, which was on said farm, of the value of $500; that Jesse Mundenhall was his brother-in-law, being the husband of Rachel, sister of plaintiff. Jesse was by arrangement living on said farm and in the possession of all the aforesaid property, consisting of horses and wagons, harness and implements generally. The wheat in the ground belonged to the plaintiff, the which said Jesse Mundenhall was to harvest and market and account to plaintiff for it after deducting expenses. Plaintiff avers that said wheat was of the value of $300. The plaintiff on the day and year aforesaid, to wit, January 19th, 1855, was then a bachelor, and, being desirous of seeing California, left all his substance in the hands of said Jesse, who was to account to plaintiff on his return. He avers that the annual rental of the farm, on which was a comfortable dwelling and all the necessary improvements, was $150. He further avers and charges that soon after his arrival in California, to wit, on or about January 1st, 1856, he forwarded to said Jesse $140 in gold, the which was duly received by said Jesse. Jesse continued to occupy plaintiff's land and used his property and the gold, acquiring large profits therefrom, and out of the proceeds of plaintiff's property and money in his hands, on the 18th of August, 1860, bought and acquired title to the following land in said county, to wit: The southeast quarter of the southwest quarter (forty acres), and the south half of the northeast quarter of the southwest quarter (twenty acres), in section 13, of township 19 north, of range 10 east, estimated to contain sixty acres, and of the value of $3,000. Said Jesse Mundenhall died intestate at said county on the 19th of December, 1860, leaving as his heirs at law his widow Rachel and three children, William, Amelia and John Mundenhall. The estate of said Jesse Mundendall was administered by Thomas Turner in said county of Delaware, and was

finally settled in the common pleas court of said county, and said administrator discharged on the 20th day of June, 1863, as by the record of said court and by the clerk of said court under the seal of said court more fully and at large appears. William died soon after Jesse. On the 9th of November, 1862, Rachel Mundenhall intermarried with Adam S. Rinard. Of this marriage Emma Jane Rinard was born, who still survives. Subsequently to her birth, Willie and John Mundenhall, the other two children of Rachel Mundenhall, or rather Rinard, died, in the order named, leaving Emma Rinard surviving. David Ogle became administrator of Rachel's estate, which said estate was by him fully settled in the common pleas court of said county on the 6th day of February, 1866, and said administrator discharged, as by the certificate of the clerk of said court under the seal thereof and the record of said court more fully and at large appears. Plaintiff avers that said Adam S. Rinard was duly appointed guardian of the person and estate of the said Emma Jane Rinard on the — day of ——, 186–, by the proper court of said county. On the settlement of the personal estate of said Rachel, said Adam S. Rinard received as his distributive share of said personal estate the sum of $321.72, and as the guardian of said Emma J. Rinard the further sum of $320.96, as by the record of said court more fully and at length appears. And the said Adam S. Rinard has now in his possession for himself and the said Emma J. Rinard the land heretofore succinctly described as having been bought by said Jesse Mundenhall, which (was?) and is of the value of $3,000, and which has not been alienated in good faith before the commencement of this action, and receiving the rents and profits of the same for all the years since the death of said Rachel. Plaintiff alleges, for more than six months immediately prior to each of the said final settlements of the personal estate of said Rachel and said Jesse, he was out of the State of Indiana, and alleges and charges that he returned to the State of Indiana for the first time since his de-

parture in 1855 on the 6th day of June, 1869, and brought this action in the common pleas court of Henry county, Indiana, on the 25th day of May, 1870. He also avers and charges that the defendants hold the money and property as above described as the heirs and distributees, mediately, of Jesse Mundenhall, deceased, and as such are liable for the claim of plaintiff. Plaintiff claims judgment on this paragraph for $2,500."

The law in force when the transactions mentioned in the complaint occurred, and upon which the appellee bases his right to recover, was section 178 of the decedents' act of June 17th, 1852. 2 R. S. 1876, p. 554. That section reads as follows:

"The heirs, devisees and distributees of a decedent, shall be liable to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed." (For the present law upon this subject, see section 2442, R. S. 1881.)

A complaint against heirs, devisees or distributees, under the above statute, to be sufficient, must, in the first place, allege facts showing that the plaintiff had a valid demand against the decedent at the time of his death. The appellee's complaint wholly fails to show that he ever had any cause of action against Jesse Mundenhall. It avers that the appellee, in 1855, went to California, leaving his land in the occupancy of said Mundenhall; that the annual rental value of the farm was $150, and that Mundenhall occupied it up to the time of his death. But there is no averment that there was any contract, express or implied, whereby Mundenhall was to pay rent. Under the facts stated in the complaint, the relationship of the parties, the failure to make any contract for the payment of rent, and the long absence of the appellee without making any claim for rent until long after

Mundenhall's death, and the settlement of his estate show, *prima facie,* that the occupancy of the land was to be free of charge. In *Wills* v. *Wills,* 34 Ind. 106, the complaint, which this court with reluctance held sufficient, alleged that the defendant had occupied the plaintiff's real estate by permission of the plaintiff as his tenant for a specified time; that the use of the premises for the period named was reasonably worth $1,412.50; that no part of the same had been paid, and that the same was due and owing. In the present case, there is no averment that Mundenhall occupied the land as appellee's tenant, nor that the rental value of the land is due and owing.

The complaint also states that when the appellee left in January, 1855, there were fifteen acres of wheat in the ground on said farm of the value of $300; that Mundenhall was to harvest and market it and account to the appellee for the proceeds, less expenses. But whether Mundenhall did or did not harvest and market the wheat is not stated. In fact, it does not even appear from the complaint that there was any wheat to harvest.

The appellee further charges in his complaint that when he started to California in 1855, he had upon the farm personal property of the value of $500, consisting of horses, wagons, harness and farm implements generally, which he left with Mundenhall, who was to account for the same on his return. The contract, if any, under which the property was left with Mundenhall is not stated. It is not averred what became of the property, nor what use or disposition, if any, Mundenhall made of it, to the appellee's prejudice.

Soon after arriving in California, the appellee alleges, in his complaint, he sent Mundenhall $140 in gold. It is not averred that he sent this money at Mundenhall's instance or request; nor is any conversion or misappropriation of the money charged.

There is a general allegation in the complaint that Mundenhall, with the proceeds of the appellee's property and with the appellee's money, bought real estate of the value of $3,-

000.   But this action is not brought to recover the land on the theory of a resulting trust in favor of the appellee; the facts stated are not sufficient for that purpose; nor do they authorize a recovery for the money used in the purchase of the land, for, while the value of the land is given, the amount of the appellee's money that was paid for it is not named.

The complaint is also fatally defective in not averring that the appellee's alleged claim is unpaid.   It is charged that the appellee was out of the State for six months prior to each of the final settlements of the estates of Mundenhall and Rachel, but it is *not* charged that the appellee's claim remained unpaid after such final settlements, or at the time of the commencement of this action.   Without the averment that the plaintiff's claim is unpaid, the complaint is bad under section 178, *supra*, and also under the general rules of pleading in money demands on contract.   1 Works Pr., section 363.

By section 178, *supra*, heirs, devisees and distributees of a decedent are liable to the extent of property received by them from such decedent's estate to any creditor whose claim remains unpaid, who, six months prior to the final settlement of the estate, was insane, an infant, or out of the State.   The facts stated in the complaint do not show that the appellants were heirs, devisees or distributees of the estate of Jesse Mundenhall, for whose debt the appellee attempts to hold them responsible.   It is true the complaint shows that they have property which indirectly came to them from Mundenhall by descent.   Some reliance seems to have been placed upon section 179, 2 R. S. 1876, p. 555, which authorizes a suit like the present to be instituted against all who are liable, or their representatives.   But the representative of a deceased person is his executor or administrator.   Bouv. Dict., Title, Representative.

An examination of the several sections of the statute relating to the liability of heirs, devisees and distributees, shows very clearly that the claim of the creditor who may proceed against them is in no respect a lien upon the prop-

Rinard *et al. v.* West.

erty received by them. Their liability is personal, limited by the amount of property received by them from the decedent.

Where an heir dies against whom such a claim exists, it stands on a footing with other general claims against his estate. It must be filed against his estate. His heirs can be proceeded against only in the manner provided in section 178, *supra*, by showing that his estate has been administered and settled, and that the claimant was insane, an infant, or out of the State for six months prior to its settlement.

It is not shown that Mundenhall's widow received anything from his estate that would make her liable for his debts. The one-third of the real estate to which she was entitled as the decedent's widow went to her free from the demands of creditors. It is averred that the appellants received personal property from *her* estate, but there is no charge that *she* received any such property from Mundenhall's estate. The property liable for his debts, as appears from the complaint, went by descent to his three children. •The appellee's claim against Mundenhall, if valid, became, under the facts stated in the complaint, a claim against the children, whom, while living, he might have sued, notwithstanding their infancy. Section 186, 2 R. S. 1876, p. 556. After their death his remedy was against their estates; and after the final settlement of their estates he could, under section 178, *supra*, have brought an action against their heirs, devisees, or distributees. In this way, by the proper averment in the complaint, the appellants might be liable; but they can not be held responsible to the appellee without allegations in the complaint showing that the estates of the children, as well as those of Mundenhall and Rachel, have been administered and settled, and that the appellee, during the six months preceding such settlements, was out of the State. The law is well settled in this State that a creditor of a decedent's estate must proceed to enforce his claim against the estate through an executor or administrator, and can not sue heirs, devises and legatees where there has been no executor or administrator; nor can he maintain

a suit against them where there has been an executor or administrator, without showing a valid excuse for not proceeding against the decedent's estate before its final settlement. *Wilson* v. *Davis,* 37 Ind. 141; *Cincinnati, etc., R. R. Co.* v. *Heaston,* 43 Ind. 172; *Leonard* v. *Blair,* 59 Ind. 510; *Baugh* v. *Boles,* 66 Ind. 376; *Carr* v. *Huette,* 73 Ind. 378; *McCoy,* v. *Payne,* 68 Ind. 327; *Chandler* v. *Chandler,* 78 Ind. 417. The appellee's claim, if valid, exists against the estates of the three children. Their heirs, devisees and distributees can not be sued until, with respect to such children's estates, the appellee brings himself within the provisions of section 178.

We do not deem it necessary to controvert the law as announced by this court when the case was here the former time, that the appellants, to whom Mundenhall's property descended mediately, may, under proper averments and proof, be made liable for his debts.

The appellee's complaint on the former appeal was held insufficient, and, while pointing out some of its defects, we do not understand that the decision precludes us from considering others not then referred to.

If, upon appeal to this court, a complaint is held good upon demurrer, the decision is incontrovertibly the law of the case in all of its subsequent stages, either in the court below or upon other appeals to this court. But where a complaint is held insufficient, a reference to or a discussion of some of its defects, does not make the complaint good with regard to others not considered.

As the judgment will have to be reversed, it is not necessary to consider the alleged error in overruling the appellants' motion for a new trial.

Reversed, at appellee's costs, with instructions to the court below to sustain the appellants' demurrer to each paragraph of the amended complaint, and for further proceedings in accordance with this opinion.

Filed Jan. 2, 1884.