Filed Jan. 24, 1884.

———◆———

No. 10,643.

WILLIS v. THOMPSON.

FRAUDULENT CONVEYANCE.— *Decedents' Estates.*— *Parties.*—*Complaint.*—A complaint by a judgment creditor to set aside a fraudulent conveyance of lands by a deceased debtor, which fails to make the administrator a party, or, if there be a valuable consideration, does not aver a fraudulent intent and knowledge thereof by the grantee, and that the estate is insolvent, is bad on demurrer.

From the Fountain Circuit Court.

*J. A. Parker* and *M. W. Bruner*, for appellant.
*J. McCabe, L. P. Miller* and *C. M. McCabe*, for appellee.

COLERICK, C.—This was an action brought by the appellant against the appellee, to set aside as fraudulent a deed of conveyance executed by one Murwine Wilkinson to the appellee. The complaint consisted of three paragraphs. The second was withdrawn, and demurrers were sustained to the first and third, to which rulings the appellant excepted, and, refusing to amend, final judgment, on demurrer, was rendered against him, from which he appeals, and assigns as errors for the reversal of the judgment the action of the court in sustaining said demurrers.

The first paragraph of the complaint, in substance, averred that on the 8th day of March, 1879, the appellant recovered in the Fountain Circuit Court a judgment against said Wilkinson for $83.50; that prior to said time, to wit, on the 4th day of November, 1878, said Wilkinson conveyed his real estate, which is described, to the appellee, at which time the debt, for which said judgment was rendered, existed, being then evidenced by a note executed by said Wilkinson and

one Daniel Wilkinson, and that the only consideration for the conveyance was the agreement of the appellee, who was the 'daughter of the grantor, to support him during his natural life, which consideration was expressed in the deed. It also averred the death of said Wilkinson, and "that at the date of said deed, and from that time to the present, and at this time, said Wilkinson did not, and does not now, own sufficient property, other than said real estate, subject to execution, to pay his debts;" and that said Daniel Wilkinson is insolvent, and at the time said judgment was rendered, and from that time to the present, has not owned any property subject to execution. Wherefore he prayed that said conveyance might be set aside as fraudulent and void, and said real estate subjected to the payment of his debt.

The evident purpose of this paragraph of the complaint was to have the conveyance declared void for fraud, under section 4920, R. S. 1881, which provides that "All conveyances * * * made * * with the intent to hinder, delay, or defraud creditors, * * shall be void as to the persons sought to be defrauded." In order to make a complaint in such an action sufficient, it is essential to aver that the conveyance was made by the grantor with intent to hinder, delay or defraud creditors. In the absence of such an averment the presumption is that the conveyance was executed in good faith.

In the case of *Pence* v. *Croan*, 51 Ind. 336, this court, in construing the statute to which we have referred, declared its purpose to be "That the question of fraudulent intent shall no longer be one of legal inference or presumption, but it shall be one of fact, to be found from the facts and circumstances of the case as any other fact." See, also, *Bishop* v. *State, ex rel.,* 83 Ind. 67; *Jarvis* v. *Banta,* 83 Ind. 528.

The consideration expressed in the deed, viz., that the grantee would support and maintain the grantor during life, was a valid one. *Leedy* v. *Crumbaker,* 13 Ind. 523. It not being otherwise alleged in the complaint, the presumption is that the grantor, who died before the commencement of this

action, was supported and maintained in compliance with said agreement. If the contract was so performed, the consideration for the conveyance, originally valid, became, and was thereby rendered, a valuable one. In order to set aside as fraudulent a conveyance made for a valuable consideration, it is not only necessary to aver and prove that it was made by the grantor with intent to defraud his creditors, but it must also be averred and proved that the grantee, at the time of its execution, was aware of the grantor's fraudulent intent. *Frakes* v. *Brown*, 2 Blackf. 295; *Palmer* v. *Henderson*, 20 Ind. 297; *McCormick* v. *Hyatt*, 33 Ind. 546; *Kyger* v. *F. Hull, etc., Co.*, 34 Ind. 249; *Bunnel* v. *Witherow*, 29 Ind. 123; *Ball* v. *Barnett*, 39 Ind. 53; *Lipperd* v. *Edwards*, 39 Ind. 165.

No averment of such knowledge by the grantee is required where the fraudulent conveyance is made without consideration. *Spaulding* v. *Blythe*, 73 Ind. 93; *Barkley* v. *Tapp*, 87 Ind. 25. There being no allegation in this paragraph of the complaint alleging that the conveyance was made by the grantor with such fraudulent intent, and that the grantee had notice thereof, it was clearly insufficient, and the demurrer thereto was properly sustained.

The third paragraph of the complaint, in all its allegations and phraseology, was precisely the same as the first paragraph above set forth, with the additional averments that the conveyance was made by the grantor with intent to hinder, delay and defraud his creditors, and that appellee at the time was aware of said fraudulent intent, and knew that the grantor did not have sufficient other property subject to execution to pay his debts.

This paragraph of the complaint, like the first, alleged the death of the grantor, who died before the commencement of the action. The administrator, if there was one, of the estate of decedent was not made a party to the action. The complaint omitted to aver whether or not letters of administration had been issued on the estate of the grantor. Such

an averment was necessary to make the complaint sufficient. In *Allen* v. *Vestal,* 60 Ind. 245, which was an action by a judgment creditor of a decedent to set aside a conveyance which he had caused to be made to his children for the purpose of defrauding his creditors, the complaint failed to aver that an administrator of the estate had not been appointed. This court held that the omission was a fatal defect, and in support of its decision cited the case of *Whitney* v. *Kimball,* 4 Ind. 546, where it is said: "There was no allegation in the bill that an administrator had not been appointed on Whitney's estate. This is a good objection. The bill should have made the administrator or executor, if either existed, a party; and if neither existed, it should have alleged the fact in excuse." And it was also held that it was the duty of the creditor to procure the appointment of an administrator.

In *Bottorff* v. *Covert,* 90 Ind. 508, which was also an action by a judgment creditor of a decedent to set aside as fraudulent a conveyance executed by him to his children, in which action the administrator of the estate of the decedent was made a party defendant, it was held that a single creditor of an estate may prosecute such an action, and distinguished the case from that of *Wilson* v. *Davis,* 37 Ind. 141, by saying: "The object of this suit is different. Its purpose is simply to vacate the sale so that the land may become assets for the payment of debts. After this is done, the estate is settled * in the usual way. * * If he," the creditor, "is willing to assume the risks of a contest, the fruits of which, if successful, will enure to the benefit of all the creditors, we know of no good reason why he may not maintain the action. * * * * * It was proper to order the land sold, but the proceeds should not be applied upon the judgment to the exclusion of other creditors, if any. The proceeds must be applied upon the debts generally."

The cases cited are not in conflict, but are consistent with each other. The law, as enunciated in these cases, is that a

creditor, as well as the administrator or executor of an estate, may prosecute the action, but, if prosecuted by a creditor, he must make the administrator or executor, if there is one, a party thereto; and, if there is none, he must, for that purpose, have an administrator appointed, so that the interests of the estate may be represented and protected, as the proceeds arising from the sale of the real estate fraudulently conveyed, if sold to pay the debts of the decedent, pass into the hands of the administrator, to be administered by him, like other assets of the estate, except that any excess remaining after paying the debts of the decedent is to be paid to his grantee and not to his heirs, as the conveyance between the parties thereto and their heirs is valid. The action, whether prosecuted by the administrator, executor or creditor, is for the benefit of all the creditors.

This paragraph of the complaint is also defective in not showing with sufficient certainty, by proper averments, any necessity for resorting to the property in controversy to satisfy the appellant's claim. It is settled by the decisions of this court that property fraudulently conveyed, even without consideration, by a debtor, can not be subjected to the payment of his debts without first exhausting such other property as he may own, subject to execution. For aught that appears in the complaint, letters of administration may have been issued on the estate of the grantor, and the personal assets of the estate in the hands of the administrator may be amply sufficient to pay the debts of the estate. If so, the appellant was required, in the first instance, to resort to that source for the payment of his claim before assailing the validity of the conveyance in dispute. The personal assets of the decedent is the primary fund for the payment of his debts. *Chandler* v. *Chandler*, 78 Ind. 417. The allegation that the grantor " did not and does not now own sufficient property, other than the real estate aforesaid, subject to execution, to pay his debts," was not equivalent to an allegation that his estate was insolvent, as the personal assets of an estate, in the hands of an

administrator, are not subject to execution, and the fact that they are not so subject will not authorize a creditor of an estate to attack for fraud the validity of a conveyance made by the decedent until the personal assets of the estate are exhausted, unless the estate is insolvent, which fact must be averred in the complaint. See *Love* v. *Mikals,* 11 Ind. 227, and *Pauley* v. *Langdon,* 83 Ind. 353. In the case first cited, it was held that in an action by an administrator to avoid a conveyance made by his decedent to defraud creditors, the complaint must aver that the personal assets of the estate are insufficient to pay the debts. In the case last cited, it was held that in an action to enforce a judgment against the real estate of a deceased judgment debtor, if the complaint does not show that the personal estate has been exhausted or is insufficient, it is bad on demurrer. And in *Allen* v. *Vestal, supra,* it was held that the property conveyed by the decedent could not be attacked by creditors until his other property was exhausted.

We think that no error was committed in sustaining the demurrer to the third paragraph of the complaint.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

