Filed March 16, 1889.

No. 13,399.

HAYS v. MONTGOMERY.

PLEADING.—*Theory.*—A pleading must be good on the theory upon which it is drawn.

LIEN.—*Real Estate.— Conveyance without Consideration.— General Debts of Grantor.*—The general debts of a party who conveys land without consideration are not a lien upon the land.

FRAUDULENT CONVEYANCE.—*Complaint.*—A complaint to set aside a conveyance as fraudulent as against creditors must allege that the conveyance was made to defraud.

SAME.—*Parties.—Administrator.*—An administrator of a debtor who dies without heirs is a necessary party defendant to an action by creditors to set aside, as fraudulent, a conveyance made by the debtor.

SAME.—*Agreement to Support Grantor.—Fraudulent Intent.—Notice.*—A conveyance made in consideration of an agreement by the grantee to support the grantor for life, is valid, unless made with intent to defraud creditors, of which intent the grantee has notice at the time of the conveyance.

From the Madison Circuit Court.

*H. D. Thompson,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

COFFEY, J.—The second paragraph of the complaint in this cause, omitting the formal parts, is, substantially, as follows: That, on the 25th day of September, 1884, one John Laughlin was indebted to the appellee in the sum of eight hundred and thirty dollars on an account for boarding, supporting and maintaining the said Laughlin by the plaintiff at his special instance and request, and for the value of a house built by plaintiff at the special instance and request of said Laughlin, on the real estate hereinafter described, and for work and labor done and performed by plaintiff at the special instance and request of said Laughlin, a bill of particulars of which is filed with the complaint; that while so indebted to the plaintiff, said Laughlin, on the 24th day of September, 1884, conveyed to the defendant, Luther Hays, the following land owned by him, to wit: The southwest quarter of the northwest quarter of section ten, township twenty north, of range seven east, in Madison county, Indiana; * * that, at the time of said conveyance, said Hays had full notice and knowledge of the plaintiff's claim against the said Laughlin; that no consideration passed from said Hays to said Laughlin at the time, but the only consideration for such conveyance was the agreement of said Hays to support, board and maintain the said Laughlin during his natural life, and for future benefits to accrue to said Laughlin; that said Laughlin had no personal property, and by said conveyance stripped himself of all his property and became insolvent; that since this suit commenced said Laughlin·has died insolvent, leaving no estate whatever and no property, real or personal, out of which plaintiff can make his said debt or any part thereof; that the said Laughlin died intestate and left no widow or heirs at law; that no letters of administration have ever been granted upon his estate, and that there are no debts against said estate except the debt of the plaintiff. Prayer that the debt be declared a lien against said land and that it be foreclosed.

The appellant filed a demurrer to this complaint, alleging for cause :

1st. That the same did not state facts sufficient to constitute a cause of action.

2d. That there is a defect of parties, in that an administrator of the estate of Laughlin, deceased, should be made a party defendant.

The court overruled the demurrer, and the appellant excepted. The appellant filed an answer by way of general denial, and the cause was at issue. A trial resulted in the finding that Laughlin was indebted to the appellee in the sum of six hundred and fifty dollars, which the court declared to be a lien upon the land described in the complaint, and a decree was entered for the sale of the land for the payment of the same, over a motion by the appellant for a new trial.

A motion was made by the appellant to modify the decree, and also a motion to tax the appellee with costs, which motions were overruled, and the appellant excepted. The errors assigned in this court are :

1st. That the court erred in overruling the appellant's demurrer to the complaint.

2d. That the court erred in overruling the appellant's motion for a new trial.

3d. That the court erred in overruling the appellant's motion for a judgment for costs.

4th. That the court erred in sustaining the appellee's motion for judgment on the verdict.

5th. That the court erred in overruling appellant's motion to modify the judgment.

It is so well settled in this State that a pleading, if good at all, must be good on the theory upon which it is drawn, that a citation of authorities is unnecessary. If this complaint is drawn upon the theory that the general debts of a party conveying land without consideration constitute a lien upon such land, then it is bad, for they are not a lien. We know

of no principle of law or equity declaring them to be such. It is sought in argument to maintain the position that the complaint is good upon the ground that, where one sells land and receives part of the purchase-money and then refuses to convey, the purchase-money thus paid will be declared a lien on the land.   But it must be observed that there is no allegation in the complaint that any part of the debt for which the appellee sues is part of the purchase-price of the land described in the complaint.   If the complaint is drawn upon the theory that appellant had the right to set aside the conveyance on the ground that it was fraudulent, then it is bad for failing to allege that it was made to cheat and defraud creditors.

The doctrine announced in the case of *Potter* v. *Gracie*, 29 Am. Rep. 748, is held not to be the law in this State.   In the case of *Willis* v. *Thompson*, 93 Ind. 62, it was held that a conveyance made in consideration of an agreement on the part of the grantee to support and maintain the grantor during life, was a valid one, and where the grantee had performed the contract it became a valuable consideration, and in order to set aside such conveyance as fraudulent as against creditors it was necessary to aver and prove that such conveyance was made with the fraudulent intent to cheat and defraud creditors, and that the grantee, at the time of the conveyance, had notice of such intent.   If the complaint was drafted on the theory that the conveyance was fraudulent as to creditors, it was also necessary that the administrator of Laughlin should be a party, for the reason that the appellee could only collect his claim through the administrator.   If none had been appointed, it was the duty of the appellee to have one appointed before he could proceed with his action.   *Willis* v. *Thompson, supra; Allen* v. *Vestal,* 60 Ind. 245.

We know of no theory upon which the complaint in this case can be sustained.   The court erred in overruling the demurrer of the appellant to the complaint.

As we have reached the conclusion that the complaint in

the cause does not state facts sufficient to constitute a cause of action, it is unnecessary to examine the other assignments of error.

Judgment reversed, at the costs of the appellee, and cause remanded with instructions to the circuit court to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed March 16, 1889.