May Term,
1851.

McNAUGHTIN
v.
LAMB.

McNAUGHTIN and Others *v.* LAMB.

Bill in chancery against heirs to set aside a conveyance of land made by a deceased debtor in his lifetime for fraud, and for a sale of the land for the payment of debts. Sale decreed, and sheriff ordered to bring so much of the proceeds as would pay the decree in the case into Court, and to pay the overplus to the defendants. *Held,* that the decree for the sale was correct, but that the entire proceeds of the sale in such case should be paid into Court to be distributed among creditors, should there be such, in the course of administration.

*Tuesday,*
*July* 1.

ERROR to the *Crawford* Circuit Court.

PERKINS, J.—Bill in chancery against heirs to set aside a conveyance of land, made by a deceased debtor in his lifetime, for fraud, and for a sale of said land for the payment of debts. Sale decreed, and the sheriff ordered to bring so much of the proceeds as would pay the decree in the case into Court, and to pay the overplus to the defendants.

This case is precisely that of *O'Brien* v. *Coulter*, 2 Blackf. 421, and a decree for the sale of the land was rightly made. But *Barton et al.* v. *Bryant et al.* in this Court, *May* term, 1850, (1) shows that the proceeds of said sale, even to the amount of the decree, would not necessarily go to the plaintiffs in the bill, and that the overplus would not necessarily go to the defendants in the decree; but that the entire proceeds of the sale should be paid into Court to be distributed amongst creditors, should there be such, in the course of administration.

*Per Curiam*—The decree for the sale of the whole land is affirmed with costs ; the balance of the decree is reversed, and ordered to be so modified as to direct the sheriff to pay the whole of the proceeds of the sale beyond costs into Court.

*C. Dewey*, for the plaintiffs.

*J. Morrison* and *S. A. Major*, for the defendant.

(1) See *ante*, p. 189.