Tyler et al. *v.* Wilkerson.

———————◆◆———————

TYLER *et al.* v. WILKERSON.

JURISDICTION.—The Circuit and Common Pleas Courts have jurisdiction, on the application of his creditors, to set aside a fraudulent sale of real estate, made by a deceased person.

APPEAL from the *Jennings* Circuit Court.

*Per Curiam.*—Suit by creditors of a deceased person to set aside a fraudulent sale of real estate. We think the suit will lie for that purpose. See *McNaughton* v. *Lamb*, 2 Ind. 642, and *Love* v. *Mikals*.

The distribution of assets among creditors must be made by the Common Pleas Court, and claims must be allowed or litigated in that Court, and the accounts of administrators must be there settled.

The Common Pleas Court would undoubtedly have jurisdiction to set aside a fraudulent conveyance in such case, order a sale, and distribution of the proceeds. Economy would dictate the selection of that forum in the first instance; but we can not say that the Circuit Court may not set aside the fraudulent conveyance. The right of the administrator,

also, to institute proceedings to set aside a fraudulent sale is cumulative. See 2 G. & H. 511.

The judgment is reversed, with costs. Cause remanded for further proceedings, with leave to amend.[1]

*A. C. Downey,* for the appellants.

*H. C. Newcomb* and *J. S. Tarkington,* for the appellee.

(1) Petition for rehearing overruled, *August 26,* 1863.