No. 10,046.

BOTTORFF ET AL. *v.* COVERT ET AL.

DECEDENTS' ESTATES.—*Fraudulent Conveyance.*—*Creditor.*—A single creditor, as well as an administrator or an executor, may maintain an action to set aside a sale of lands fraudulently made by a deceased debtor.

SAME.—*Petition of Creditor for Sale of Land to Pay Debts.*—*Statute Construed.*— Section 2342, R. S. 1881, which authorizes a creditor to obtain an order

requiring the administrator or the executor to file a petition for a sale of the decedent's lands, only authorizes such order for the sale of lands owned by him at the time of his death, and not such as may have been fraudulently conveyed.

SAME.—*Creditor May Set Aside Sale of Land Fraudulently Conveyed.*—A single creditor may maintain the action, and after the sale is set aside the land becomes assets in the hands of the administrator or executor, who thereafter settles the estate in the usual way.

SAME.—*Complaint.—Insolvency.*—Where the complaint in such case avers that the decedent, at the time of such conveyance, had no other property, and there are no assets in the hands of the administrator, the complaint is sufficient in this respect, as it is not necessary to aver that the decedent did not thereafter acquire property.

SAME.—*Motion to Annul Order to Sell.—Practice.*—A motion to strike out an order requiring the administrator to sell the land and apply the proceeds upon the creditor's debt was too broad, as the direction to sell the land was right though the direction to apply the proceeds was wrong.

From the Clark Circuit Court.

*A. Dowling* and *M. C. Hester,* for appellants.

*J. K. Marsh,* for appellees.

BEST, C.—The appellee Mary E. Covert brought this action against George Bottorff, Alexander Bottorff, and Matilda Bottorff, administratrix of the estate of William Bottorff, deceased, to set aside a certain conveyance as fraudulent, and to subject the land to the payment of a judgment the appellee had recovered against the estate of said decedent.

The complaint averred, in substance, that on the 26th day of September, 1871, and while the appellee was a minor, one Miles Bottorff became her guardian, and executed his bond, with William Bottorff as his surety; that immediately thereafter said guardian received $600 belonging to the appellee and converted the same to his own use; that William Bottorff was, at the time, the owner of the real estate in the complaint described, and after he had learned that said guardian had converted said money as aforesaid, he and said Matilda, on the 31st day of January, 1876, for the purpose of defrauding the appellee out of her claim, conveyed said land to George and Alexander Bottorff, two of their children, who

accepted said conveyance to aid them in such fraudulent purpose; that on the 12th day of July, 1881, the appellee recovered a judgment upon said bond against said Miles Bottorff and the estate of said decedent for $420, which remains wholly unpaid; that said Miles is notoriously insolvent, and said William, at the time of such conveyance, had no other property, nor are there any assets in the hands of said administratrix with which to pay said judgment, or any part thereof; that said Matilda claims a lien upon said land, acquired against said George and Alexander, at the time of such conveyance, etc. Prayer that the conveyance be set aside, the lien cancelled, and for other relief.

A demurrer to the complaint, on the ground that the plaintiff had not legal capacity to sue, and because the complaint did not state facts sufficient to constitute a cause of action, was overruled, and an answer in denial was filed. The issue was tried by the court, a finding made for the appellee, and, over a motion for a new trial, judgment was rendered upon the finding, setting aside the conveyance and ordering the administratrix to sell the land as required by law, so that the proceeds might be applied in payment of the judgment. A motion to modify the judgment by striking therefrom the portion directing the administratrix to sell the land was overruled, and these several rulings are assigned as error.

The purpose of this action was to set aside the conveyance alleged to have been fraudulently made by the decedent, and to subject the land to the payment of the appellee's judgment.

Lands thus conveyed and held by a person with knowledge of the fraud, are liable to be sold for the payment of the decedent's debts. R. S. 1881, sections 2333 and 2334.

To render such lands available, it is necessary to avoid such fraudulent conveyance, and the principal question discussed upon the demurrer to the complaint is whether a creditor can maintain such action while the estate is in process of settlement. The appellants insist that such action can alone be maintained by the executor or the administrator; while the

appellee insists that it may also be maintained by the creditors. The statute, as before remarked, renders lands thus conveyed and held, liable to be sold for the payment of the decedent's debts, and it empowers an executor or administrator who has been authorized to sell lands thus conveyed, to file a petition before the sale to avoid the fraudulent conveyance. R. S. 1881, section 2335.

It has also been held, under a precisely similar statute in the Revision of 1852, that an administrator may, before he obtains an order to sell, file his petition to set aside a conveyance as fraudulent, if it is shown that it will be necessary to sell the land for the payment of the decedent's debts. *Love* v. *Mikals*, 11 Ind. 227. The same right undoubtedly exists under the Revision of 1881, and it thus appears that an administrator or executor has ample authority, either before or after he obtains an order to sell real estate, to maintain an action to set aside a fraudulent conveyance, and to subject lands thus conveyed to the payment of the decedent's debts.

Can a creditor also maintain such action? The statute does not authorize it, and the appellants insist that the remedy furnished by the statute is exclusive. The appellee, upon the other hand, insists that this right is possessed independent of the statute, and that the remedy thus furnished is only cumulative. This question has not been passed upon since the Revision of 1881 went into force, but while the Revision of 1852, containing precisely the same statutes, was in force, this court, in the case of *Tyler* v. *Wilkerson*, 20 Ind. 473, held that creditors might maintain an action to set aside such conveyance, and that the remedy given by statute to the administrator was simply cumulative. The case was again before this court, and its previous ruling was adhered to upon this point. *Tyler* v. *Wilkerson*, 27 Ind. 450. Since then it has not been passed upon. It is true that the facts averred in the case of *Baugh* v. *Boles*, 66 Ind. 376, presented this and some other questions, but this precise question was not considered. The action was treated as a proceeding to collect a

claim against the decedent from his heir, and it was held, as has often been decided in this State, that this, as a general rule, can only be done through an administration of the estate. This case can not, therefore, be regarded as a decision of this question. The cases first above alluded to settle the question that creditors, under the revision of 1852, could maintain an action simply to set aside a fraudulent conveyance, and we perceive no reason why the same right does not exist under the Revision of 1881.

The appellants also insist that section 2342 of the R. S. 1881 authorizes the creditor to require the administrator to file his petition for the sale of lands thus conveyed, and that the remedy thus given precludes the idea that he may himself maintain an action to set aside such conveyance. The statute alluded to provides that "Any creditor of the decedent whose claim shall have been filed and allowed by the court may file his petition showing the insufficiency of the personal estate of the decedent to pay the liabilities thereof, and that the decedent died owning real estate liable to be made assets for the payment of his debts, and praying an order requiring the executor or administrator to proceed to sell such real estate for the payment of such debts." The executor or administrator is entitled to five days' notice of the time when the petition will be presented for hearing, and, if upon the hearing, the petition is found to be true, the court is required to order the executor or administrator, within a reasonable time, to be fixed by the court, to file a petition for the sale of the land. It will be observed that this statute does not in terms apply to lands fraudulently conveyed, but such as the decedent owned at the time of his death, and we do not think it can be construed to embrace the former. The reason is obvious. When the executor or administrator, at the instance of a creditor, is ordered to proceed, he is required to file a petition. This is the ordinary petition, and the widow, if any, and the heirs of the decedent, must be made parties, as the title to such lands as he owned at the time of his death is in

them. The title to lands fraudulently conveyed is not in them, nor have they any interest in such lands. The title is in the purchaser, and such lands, as between him and his vendor or his heirs, belong to the purchaser. The purchaser holds such lands subject to the claims of the vendor's creditors, and they may be sold to satisfy his debts; but if sold, and the proceeds exceed the amount of the debts, the excess belongs to the purchaser and not to the vendor's heirs. There is no necessity to file a petition as required by said section, and we do not think its provisions apply to lands fraudulently conveyed. This section, therefore, can not affect the question under discussion.

The cases above alluded to hold that " creditors " may maintain the action, and this has led us to enquire whether the same may be done by a single creditor, without any enquiry as to the rights of other creditors. In chancery, where one creditor sought to sell property for the payment of his claim, it was never permitted without an enquiry as to the rights of other creditors. *Wilson* v. *Davis*, 37 Ind. 141, and authorities cited.

The purpose of the requirement was to effect a complete settlement of the estate in chancery. The object of this suit is different. Its purpose is simply to vacate the sale so that the land may become assets for the payment of debts. After this is done, the estate is settled by the executor or administrator in the usual way. There is no necessity for such enquiry under our system, and no reason now occurs to us why the rule should apply to this case. Where there is a necessity for selling lands thus conveyed, the creditor has an interest, and if he is willing to assume the risks of a contest, the fruits of which, if successful, will enure to the benefit of all the creditors, we know of no good reason why he may not maintain the action. The law ought not to shield such purchasers by limiting the means by which such property can be placed where it justly belongs, and, therefore, we are of opinion that such action may be maintained by any creditor.

The appellants also insist that the complaint was insuffi-

cient, because it did not show that the decedent did not leave other real estate, and that no assets came into the hands of the administratrix. We think the complaint in this respect sufficient. It is averred that the decedent had no other property at the time the conveyance was made. If so, and the conveyance was made, as alleged, it was fraudulent as against creditors. The cause of action that then accrued continued, and if there was no property at the commencement of the suit with which to satisfy the claim, the appellee was entitled to have the conveyance set aside. The averment is " that there are no assets in the hands of the administratrix." The term " assets " embraces all property liable to be sold for the payment of the decedent's debts, and the averment was sufficient to show that there was nothing with which to pay the appellee's judgment. It was not necessary to aver that the decedent did not acquire property after the conveyance. *Cox* v. *Hunter,* 79 Ind. 590 ; *Bruker* v. *Kelsey,* 72 Ind. 51.

The complaint was sufficient and the demurrer properly overruled.

A new trial was asked on the ground that the finding was contrary to law, and not supported by sufficient evidence. We have examined the evidence, and under the well established rule, that where there is any evidence tending to support all the material averments of the complaint, this court will not disturb the judgment upon the weight of the evidence, we can not disturb this judgment on that ground.

The appellants also insist that the court erred in refusing to modify the judgment as requested. The motion was to strike out that portion requiring the land to be sold and the proceeds to be applied upon the appellee's judgment. This motion was too broad. It was proper to order the land sold, but the proceeds should not be applied upon the judgment to the exclusion of other creditors, if any. The proceeds must be applied upon the debts generally, and the judgment may be yet so modified, if necessary. The motion as made was too broad, and for that reason was properly overruled.

This disposes of all the questions discussed, and as we are of opinion that there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that judgment be and it is hereby in all things affirmed, at the appellants' costs.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.