Vestal v. Allen et al.

No. 8926.

## VESTAL v. ALLEN ET AL.

FRAUDULENT CONVEYANCE.—*Action Against Debtor's Heirs by Creditor.— Limitation.—Administrator a Necessary Party.—Final Settlement Unrevoked.— Collateral Attack.*—In an action by a judgment creditor against the heirs of a deceased insolvent debtor, to set aside an alleged fraudulent conveyance by the debtor to said heirs, the debtor's administrator is a necessary party to the action ; and where, in such action, it appears from the complaint, that, more than three years prior to the commencement of such action, the debtor's estate had been finally settled, in due course of administration, and that such settlement remains unrevoked, the action can not be maintained, and the complaint is insufficient.

SAME.—Even if such settlement had been made within less than three years prior to the commencement of such action, as long as it remains unrevoked such action will not lie.

From the Putnam Circuit Court.

*S. Claypool* and *L. P. Chapin*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellees.

COLERICK, C.—This was an action brought by the appellant against the appellees. A demurrer to the complaint, alleging insufficiency of facts, was sustained, and the appellant refusing to amend, final judgment, on demurrer, was rendered against him, from which he appeals, and assigns as the only error for the reversal of the judgment the ruling of the court upon said demurrer.

The material facts averred in the complaint were that on or about the — day of January, 1855, Andrew T. McCoy, Barney Allen and the appellant became and were jointly and severally bound as sureties for the payment of certain bills and notes executed by one James M. Robinson, as principal, in a large sum, to wit, $20,000; that Robinson became insolvent, and afterwards the appellant, as one of said sureties, paid of said indebtedness the sum of $9,600, McCoy the sum of $7,900, and Barney Allen the sum of $2,100; that on the — day of ——, 186–, said Allen died, and afterwards, on the 11th day of October, 1869, the appellant and

Vestal *v.* Allen *et al.*

McCoy obtained a judgment against the estate of said Allen, in the Putnam Circuit Court, for contribution, McCoy for $1,400 and the appellant for $400, and that afterwards the estate of said Allen was finally settled, without paying any part of the appellant's claim; that the personal property of the decedent was sold by his administrator, and the proceeds thereof applied in payment of the debts of said estate, but that no part thereof was applied on the appellant's claim; that there was no administrator of said estate at the time, nor since the bringing of this action, and that said estate is wholly insolvent. It is then averred that Allen, in his lifetime, was the owner of certain real estate (which is described), and that, on the — day of ——, 1859 or 1860, the Indianapolis Branch of the Bank of the State of Indiana recovered a judgment against Allen and others for $3,900, upon which judgment an execution was issued, and that under and by virtue thereof said real estate was sold by the sheriff of said county to one Tousey for said bank, and that afterwards, on the 4th day of June, 1863, said Allen, with his own money, paid to said bank the sum for which said real estate had been sold to the bank, and procured said bank, by its president, to make a conveyance of said real estate to Martin Allen, Wiley Allen and Evaline Saunders, his adult children, without any consideration therefor being paid by them, and for the purpose of cheating and defrauding his creditors, and particularly the appellants, at which time said Barney Allen was insolvent, and afterwards died without any estate, etc. Wherefore he prayed judgment for $5,000 and a decree for the sale of said real estate, as upon execution, to pay the same, and other relief.

This case was once before in this court, the present appellees being the appellants. See *Allen* v. *Vestal*, 60 Ind. 245. The judgment of the court below was then reversed, because of the insufficiency of the complaint, there being no averment therein that an administrator of the estate of Barney Allen had not been appointed. It was held by this court

that the administrator, if one existed, was a necessary party to the action, and that if no administrator existed it was the duty of the creditor to obtain the appointment of one.

The decision on the former appeal is the law of the case throughout all subsequent proceedings. Upon the remanding of the action to the court below, the appellant herein amended his complaint by inserting therein the averment, "And afterwards the estate of said Barney Allen was finally settled without paying any part of the claim of the plaintiff, and the personal property of said Allen, deceased, was sold by his administrator, and the proceeds applied in the payment of debts of said Allen, and no part was paid on plaintiff's debt. And plaintiff says there was no administrator of said Allen's estate at the time nor since the bringing of this suit, and said estate is wholly insolvent."

The question presented for our consideration is, whether the complaint, as amended, was sufficient. It has been decided by this court that a creditor of a deceased debtor may prosecute an action to set aside a fraudulent conveyance executed by the debtor, so that the property fraudulently conveyed may become assets for the payment of the debts of the decedent. See *Bottorff* v. *Covert*, 90 Ind. 508; *Willis* v. *Thompson*, 93 Ind. 62. In the case first cited it was said: "If he is willing to assume the risks of a contest, the fruits of which, if successful, will enure to the benefit of all the creditors, we know of no good reason why he may not maintain the action. * * * It was proper to order the land sold, but the proceeds should not be applied upon the judgment to the exclusion of other creditors, if any. The proceeds must be applied upon the debts generally." And in the case last cited it was said: "The law, as enunciated in these cases is, that a creditor, as well as the administrator or executor of an estate, may prosecute the action, but, if prosecuted by a creditor, he must make the administrator or executor, if there is one, a party thereto; and, if there is none, he must, for that purpose, have an administrator appointed,

so that the interests of the estate may be represented and protected, as the proceeds arising from the sale of the real estate fraudulently conveyed, if sold to pay the debts of the decedent, pass into the hands of the administrator, to be administered by him, like other assets of the estate, except that any excess remaining after paying the debts of the decedent is to be paid to his grantee and not to his heirs, as the conveyance between the parties thereto and their heirs is valid. The action, whether prosecuted by the administrator, executor or creditor, is for the benefit of all the creditors."

These decisions are in harmony with earlier ones rendered by this court. See *Barton* v. *Bryant,* 2 Ind. 189 ; *McNaughtin* v. *Lamb,* 2 Ind. 642 ; *Butler* v. *Jaffray,* 12 Ind. 504. In *Barton* v. *Bryant, supra,* this court said : " The conveyances must be considered void as to all the creditors of the grantor, and that, upon his death, the liability of the property to the intestate's debts was the same as if the conveyances had never been made. The following authorities are to this point: In a suit in chancery by some of the creditors of a deceased debtor on behalf of themselves and the other creditors to set aside a settlement as fraudulent, it was held that if the settlement was void as to any of the creditors it was void as to all. The court said : 'If it be once shown that it is a deed which, as against any of the creditors, can not stand, then the property becomes assets, and is applicable to the payment of debts generally ; all the creditors come in at whatever times their debts may have arisen. That is decided.' *Richardson* v. *Smallwood,* Jacob, 552." Mr. Williams says : " Where a deed is set aside as fraudulent against any of the creditors of the deceased, the property becomes assets, and subsequent creditors are let in. An assignment within the statute 13 Eliz. c. 5, is utterly void against creditors, and the property assigned is assets in the hands of the executors." 3 Will. Executors, 1679.

In *McNaughtin* v. *Lamb, supra,* it was held that " the entire proceeds of the sale should be paid into court to be distributed amongst creditors, should there be such, in the

course of administration." And in *Butler* v. *Jaffray, supra,* it was held that in an action to reach property fraudulently conveyed by a deceased debtor, the administrator of the estate should be made a party to the action. The court said : "In such case, the administrator should be made a party, that the property, when recovered may be received by him, and go in a course of administration. A single creditor, or a few creditors of the deceased debtor, can not, by suit in chancery, have the property of the estate sold for the payment of their own demands, without any inquiry as to the rights of other creditors." See, to same effect, 1 Am. L. C. 43 ; *Brockman* v. *Bowman,* 1 Hill Eq. 338 ; Bump Fraud. Conv. 535. In *Brockman* v. *Bowman, supra,* it was held that "Where a bill is filed by creditors to avoid the alienation of a deceased person for fraud, his executor or administrator is a necessary party ; and if the court should set aside the conveyance, it will order the property to be delivered to the executor or administrator, to be applied in due course of administration. The suing creditors are not entitled to have their demands paid out of the property, in preference to others." In Am. L. C., *supra,* it is said : "The creditors are entitled to go into equity against the property in the hands of the fraudulent grantee ; and in such a proceeding, the administrator ought to be made a party, that the property when recovered may be received by him, and go in a course of administration." And in Bump, *supra,* it is said : "If the debtor is deceased, an administrator should be appointed, and made a party defendant, so as to account for the assets that may come to his hands."

As indicated by the authorities cited, it may be considered as settled that property fraudulently conveyed by a deceased debtor is to be treated as assets of his estate, and to be administered the same as other assets, and, hence, it is necessary that an administrator shall exist to receive and administer the same. It appears by the averments in the complaint, that the estate of Barney Allen was finally settled, and the administrator thereof discharged before the commencement

Vestal *v.* Allen *et al.*

of this action. The final settlement of an estate may be reopened within three years from the time it is made, for mistake or fraud. R. S. 1881, section 2403. A similar statutory provision has existed in this State since, at least, 1852. In this case it appears that more than three years have elapsed since the final settlement of said estate. What result flows from the final settlement so made? In *Pate* v. *Moore*, 79 Ind. 20, it was said by this court: " It necessarily follows that so long as the final settlement of an estate remains unrevoked, and in full force, letters of administration *de bonis non* can not be issued on such estate, nor can any further administration upon such estate be permitted by any executor or administrator however appointed. In such a case all matters pertaining to the ordinary settlement of the estate are *res adjudicata.*" And in *Beard* v. *First Presbyterian Church,* 15 Ind. 490, it was said : " If a settlement should be made without, in some manner, finally disposing of the debts against such estate, within the knowledge of the administrator we suppose, under this statute, in connection with well known legal principles, the creditors, unsatisfied, would be barred any further action against such administrator, after three years. They could not, without getting rid of the final settlement, proceed in an attempt to collect the claim, even upon a judgment of record, because, by the final settlement, the administrator would have rid himself of all assets to meet such debt, and have been discharged, by the court, from further liability in reference thereto."

The purpose of this action was to collect a debt against an estate that had been finally settled, and the settlement thereof unrevoked. Such an action can not be maintained. If the appellant, before or after the rendition of his judgment, believed that the real estate in controversy was liable for the payment of the debts of said estate, it was his right, as decided in the cases cited, before the final settlement of the estate was made, to prosecute, in his own name, an action to

set aside as fraudulent the conveyance which the decedent caused to be made to his children, and, if fraudulent, subject said real estate, as assets, to the payment of the debts of the estate. This the appellant did not do, but permitted the estate to be finally settled, without so subjecting said real estate to the payment of said debts. It is too late after the final settlement of an estate has been made, which remains unrevoked, to prosecute an action like this. If the administrator of the estate had reasonable cause to believe that the conveyance in dispute was fraudulent, and failed to take the necessary proceedings to have the same set aside, and the property subjected to the payment of the debts of the estate, he would have been liable on his bond for neglect of duty.

As the administrator of the estate of Barney Allen was a necessary party to the action, and was not made a party thereto, and as it appeared by the averments in the complaint that said estate had been finally settled, and the settlement thereof unrevoked, the complaint, for those reasons, was insufficient, and, therefore, no error was committed in sustaining the demurrer thereto. The judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the appellant's costs.

Filed March 27, 1884.