CRAY, ADMINISTRATOR, v. WRIGHT.

[No. 1,815.    Filed October 16, 1896.]

DECEDENT'S ESTATES.—*Settlement as Insolvent.*—*Fraudulent Conveyance of Real Estate by Intestate.*—The court upon sustaining objections to the settlement of an estate as insolvent, on the ground that the intestate had made fraudulent conveyances to his children, may render a decree denying the petition of administrator to settle as insolvent, and ordering him to proceed under section 2488, Burns' R. S. 1894 (2333, R. S. 1881), to avoid the fraudulent conveyance.

From the Grant Circuit Court.    *Affirmed.*

*R. T. St. John* and *W. H. Charles,* for appellant.

*A. E. Steele,* for appellee.

REINHARD, J.—Appellant as administrator of the estate of one Reuben Garrison, deceased, filed his petition in the court below to settle said estate as insolvent.    The appellee appeared and objected to such settlement, alleging that said decedent in his life time was the owner of certain described real estate and that he conveyed the same in August, 1892, to his children and heirs, without any consideration and with the fraudulent intent of cheating and defrauding the appellee and other creditors out of their debts and just claims.

The court tried the cause and found the facts alleged in the statement of objections to be true; that the deeds from the decedent to his children and heirs, as described in the appellee's petition, were fraudulent and void as to creditors and ought to be set aside and the petition to settle as insolvent denied.    The court rendered a decree according to the finding and ordered that the lands mentioned be sold and sub-

jected to the payment of decedent's debts, and denied the prayer of the petition to settle as insolvent.

The grantees of the deeds set aside were not parties to this proceeding, and how they can be bound by the decree is difficult to understand. But as they are not now before the court it may be that the administrator is not in a position to raise this question. The judgment of the court may be valid to the extent that it denies the petition of the administrator to settle the estate as insolvent, and the remainder of the decree may be binding upon the administrator as an order to proceed against grantees and heirs to set aside the conveyances to the former by said decedent and grantor as fraudulent or voluntary conveyances.

The statute subjects to the payment of the decedent's debts "all lands, and interest therein, which the deceased, in his life time, may have transferred to defraud his creditors." Section 2486, Burns' R. S. 1894 (2333, R. S. 1881), subd. 3.

When the administrator is authorized to sell such lands by the court, he must before proceeding to sell bring the parties into court by the proper action. Section 2488, Burns' R. S. 1894 (2335, R. S. 1881).

In such action the parties will be given their day in court and may show that the conveyance was in good faith, or they may interpose any lawful defense.

Perhaps the appellee as a creditor of the decedent could have maintained an action to have the conveyances set aside as fraudulent. *Bottorff* v. *Covert*, 90 Ind. 508. But such action could not be binding upon the grantees unless they were parties thereto.

We have examined the evidence and think it was sufficient to authorize the court to deny the petition to settle as insolvent and to order the administrator to proceed under section 2488 (2335), *supra.*

Judgment affirmed.