TRELOAR ET AL. *v.* HARRIS.

[No. 9,793.   Filed June 20, 1917.]

1. NEW TRIAL.—*Motion.—Waiver by Filing Motion in Arrest of Judgment.*—A motion in arrest of judgment filed before the motion for a new trial waives the latter, hence a motion for a new trial filed after a motion in arrest of judgment is of no effect and presents no question for consideration on appeal. p. 23.

2. APPEAL.—*Extending Time for Appeal.—Motion for New Trial.*—Appellant's motion for a new trial, waived because filed subsequently to their motion in arrest of judgment, did not extend the time for perfecting the appeal.   p. 23.

From Clark Circuit Court; *John M. Paris,* Special Judge.

Action by James Harris against Henry Treloar and another. From a judgment for plaintiff, the defendants appeal. *Appeal dismissed.*

*H. Willard Phipps* and *Burdette C. Lutz,* for appellants.

*George C. Kopp* and *L. A. Douglass,* for appellee.

IBACH, P. J.—Appellee moves to dismiss this appeal

on the grounds that the appeal herein was not taken within 180 days, from the rendition of the judgment appealed from, and that notice of appeal was not given within ninety days after the transcript was filed in this court. The record discloses the following: The judgment appealed from was rendered on March 16, 1916. On March 30, 1916, appellants filed their joint motion in arrest of judgment, and on April 15, 1916, their separate motions for a new trial. On April 24, 1916, the motion in arrest was overruled and on April 28, 1916, their separate motions for a new trial were overruled. The transcript and assignment of errors were not filed in this court until October 26, 1916.

It is a settled rule of practice in this state, with certain exceptions not applicable here, that a motion in arrest of judgment filed before the motion for
1. a new trial waives the latter. *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310, 316, 23 N. E. 797, and cases cited; *Yazel* v. *State* (1908), 170 Ind. 535, 539, 540, 84 N. E. 972, and cases cited; *Kelley* v. *Bell* (1909), 172 Ind. 590, 595, 596, 88 N. E. 58. The filing of the motion for a new trial, after the filing of the motion in arrest, was the same as if no motion for a new trial had been filed; and it presents no question.

It has been held by this court that a motion for a new trial filed after the specified time is not good even for the purpose of extending the time for the bring-
2. ing of an appeal. *Blose* v. *Myers* (1914), 58 Ind. App. 34, 107 N. E. 548. By analogy, appellants' motions for a new trial in this case could not have the effect of extending the time for filing this appeal, and the 180 days commenced to run from the date of the rendition of the judgment, which date we have indicated was on March 16, 1916.

In any event the transcript was not filed in this court until the 181st day after the overruling of appellants'

motions for new trial, and therefore beyond the time allowed by statute for bringing an appeal. Appeal dismissed.

NOTE.—Reported in 116 N. E. 590.