LOFTIN ET AL. *v.* JOHNSON ET AL.

[No. 27,329. Filed January 23, 1940. Rehearing denied February 27, 1940.]

*Cloe & Campbell,* of Noblesville, and *R. P. Bundy,* of Zionsville, for appellants.

*Owen S. Boling, Rudolph J. Roller,* both of Indianapolis, *Ernest M. Hornaday,* of Lebanon; and *Thomas E. Kane,* of Noblesville, for appellees.

SHAKE, C. J.—It is alleged in the appellants' second amended complaint that certain of the appellees persuaded and induced Jane L. Johnson to mortgage her real estate to them, without consideration, to cheat, hinder, and delay the appellants, who were her creditors. Thereafter, appellants sued her on her obligations to them, but she died *pendente lite.* The executor of her estate was substituted as sole defendant and judgments were rendered in favor of the creditors and against the estate.

The present action is against the said mortgagees and the heirs at law and devisees of Jane L. Johnson, deceased. The suit is to set aside the appellees' mortgages on account of fraud; to establish the priority of the appellants' judgment liens on the land of which Jane L. Johnson died seized; and to subject it to sale to satisfy appellants' judgments.

There was no error in striking from the amended complaint the allegation to the effect that after the creditors' judgments were obtained, transcripts thereof were filed in the county where the real estate was situated, and that *said judgments thereupon became liens upon the real estate of which Jane L. Johnson died seized.* The italicized clause is purely a conclusion of law, and the statute with refer-

ence to the sufficiency of conclusions in pleadings, in the absence of a motion to require the facts to be pleaded (§2-1005, Burns' 1933, § 155, Baldwin's 1934), has reference to conclusions of fact and not to conclusions of law. *Greathouse* v. *Board, etc.* (1926), 198 Ind. 95, 151 N. E. 411. It is not error to strike conclusions of law from a complaint. *Carson* v. *Miami Coal Co.* (1923), 194 Ind. 49, 52, 141 N. E. 810.

A creditor of a decedent may maintain an action to set aside a fraudulent conveyance or encumbrance made by such decedent in his lifetime and to subject land so conveyed or encumbered to the payment of the debts of the decedent. *Tyler* v. *Wilkerson* (1863), 20 Ind. 473; *Bottorff* v. *Covert* (1883), 90 Ind. 508. But if such an action is prosecuted by the creditor, he must make the administrator or executor, if there is one, a party thereto; and, if there is none, he must, for that purpose, have an administrator appointed, so that the interests of the estate may be represented and protected, since the proceeds arising from the sale of the real estate fraudulently conveyed or encumbered, if sold to pay the debts of the decedent, must pass into the hands of the administrator, to be administered by him, like other assets of the estate. *Willis* v. *Thompson* (1884), 93 Ind. 62; *Vestal* v. *Allen* (1884), 94 Ind. 268; *Hays* v. *Montgomery* (1889), 118 Ind. 91, 20 N. E. 646. The title of the complaint in the present action purports to make "Harry Johnson, Executor of the Estate of Jane L. Johnson, Deceased," a party defendant, and it is alleged in the body of the pleading that said Harry Johnson *was* executor of the decedent's last will and testament. There is no allegation to the effect that the defendant Harry Johnson is the duly appointed, qualified, and acting administrator of the estate or executor of the last will and testament of

Jane L. Johnson, deceased. This is conceded by the appellants, as the following quotation from their brief will disclose:

> "Appellants assert that the personal representative of the estate of Jane L. Johnson was not a necessary party defendant in this action because *appellants' complaint shows that said estate was settled* without paying appellants' judgments. . . ." (Our italics.)

It may also be noted that Harry Johnson, as executor, is not a party to the judgment appealed from; nor is he named as such in the assignment of errors.

The present case does not come within the rule that the holder of a lien on real estate may, when the owner dies, stand by and allow the estate of the decedent to be settled and thereafter assert his lien against the land. In such a case the lienholder waives his right to participate in the personal estate of the decedent, but he may, nevertheless, thereafter enforce his lien against the land by appropriate proceedings. *Beach* v. *Bell* (1894), 139 Ind. 167, 38 N. E. 819. The appellants herein had no liens upon the lands of Jane L. Johnson prior to her death. They were merely unsecured creditors—holders of her promissory notes. They had actions pending against her which were calculated to reduce their notes to judgments. Upon her death the appellants availed themselves of the privilege extended by statute of having the personal representative of her estate substituted as defendant. § 2-227, Burns' 1933, § 37, Baldwin's 1934. The judgments thereafter obtained did not create specific liens upon the lands owned by Jane L. Johnson at the time of her death. Such judgments amounted only to adjudicated claims against her estate.

The trial court sustained the separate demurrer of a part of the appellees and the separate motions of the others to dismiss the cause. The motions to dismiss the cause were improperly based upon Chapter 185, Acts of 1937, which was abrogated by the rules of this court promulgated on June 21, 1937, but the reasons assigned in the motions would have been appropriate to a demurrer. The form of the pleading or what it is called is not important; it is the substance that is controlling. *Lambert* v. *Smith* (1939), *ante* p. 26, 23 N. E. (2d) 430. There was no reversible error in sustaining the demurrer and motions to dismiss.

Judgment is affirmed.

Swaim, J., not participating.

NOTE.—Reported in 24 N. E. (2d) 916.