## GRIDER ET AL. *v.* TITUS

[No. 17,627.  Filed August 10, 1948.  Rehearing denied September 7, 1948.  Transfer denied October 7, 1948.]

*Albert H. Gavit,* of Gary, attorney for appellants.

474

*Jay E. Darlington,* of Hammond, attorney for appellee.

ROYSE, C. J.—The facts which brought about this litigation are quite analogous and arose out of the same dues inspection involved in the case of *Grider et al.* v. *Scharf* (1947), 225 Ind. 251, 73 N. E. 2d 75. In this case the jury rendered its verdict in favor of appellee for $8,000 damages on his first paragraph of complaint, and $12,000 punitive damages on his second paragraph of complaint. After the rendition of this verdict appellee moved for judgment on the verdict. On June 22, 1946, appellants filed in writing what they denominated "Defendants' Objections to Plaintiff's Motion for Judgment and to the Rendition of Judgment Herein." It is as follows:

"Defendants and each of them separately and severally object to plaintiff's motion for judgment herein, to the sustaining thereof, for each of the following reasons, separately and severally, to-wit:

"1. The jury by its original answer to interrogatory 7 having found as a fact there was insufficient evidence to find the proximate cause of the only condition from which plaintiff even claims to be suffering, to-wit: arthritis, that negative finding on an issue on which plaintiff had the burden of proof precludes any judgment against the defendants.

"2. Neither of the defendant unions is suable either as an entity or under the device of representation through any class representatives. Accordingly jurisdiction as to them never attached and there can be no judgment against them or either of them.

"3. No judgment for punitive damages can be rendered against any defendant to this action. The act alleged was an assault and battery and as such being punishable criminally no judgment for punitive damages against any defendant to the second paragraph of complaint can be rendered.

"4. There is no verdict upon which any judgment can be rendered because of the fact ·that the answers to the interrogatories were never signed by anyone after their attempted change or amendment with respect to the answer to interrogatory 7. Any valid verdict must include not only a signed general verdict but also signed answers to the interrogatories. In this case while the interrogatories and their original answers were signed by the foreman of the jury the answers as attempted to be changed or amended were not resigned by anyone and the jury having been discharged without any such signature there is no valid verdict in any amount or of any kind."

On the same day the trial court overruled this motion and entered judgment on the verdict of the jury. On the 9th day of July, 1946, appellants filed a purported motion for a new trial. This motion was overruled on January 20, 1947. Appellants' assignment of errors was filed in this court April 17, 1947.

After appellants filed their brief appellee filed his motion to dismiss this appeal on the ground this court did not have jurisdiction of the appeal because the assignment of errors and transcript were filed more than ninety days after the rendition of judgment in the trial court. The motion averred the motion for a new trial did not operate to extend the time for taking this appeal because appellants filed a written motion in arrest of judgment preceding the purported motion for a new trial. We deferred action on this motion until the cause was finally briefed.

Because of the conclusion we have reached, it is only necessary to pass on the question presented by this motion.

Appellants contend they did not file a motion but merely their objections to the sustaining of appellee's

motion for judgment on the verdict. They further contend that if the motion for a new trial does not present a question it is only grounds for affirmance and not dismissal, relying on the case of *Grider et al.* v. *Scharf, supra.*

It is a well-established rule of this jurisdiction that the form of a pleading or what it is called is not important. It is the substance that is controlling. *Loftin et al.* v. *Johnson et al.* (1940), 216 Ind. 537, 24 N. E. 2d 916; *Universal Credit Company, Incorporated* v. *Collier et al.* (1941), 108 Ind. App. 685, 690, 31 N. E. 2d 646.

The purpose and intent of a motion in arrest of judgment is to put an end to the action. There can be no judgment for either party. II Watson's Works and Practice, p. 488, § 1912; *Vonville et ux* v. *Dexter et al.* (1948), *ante,* p. 187, 76 N. E. 2d 856, 859; *Grider et al.* v. *Scharf, supra.*

It seems perfectly clear to us from both the caption and the body of the so-called objections filed by appellants they were asking the court to refuse to enter judgment in this case That is what would have happened if the court had sustained their plea. Thus, it was in fact a motion in arrest of judgment. Therefore, the subsequent filing of a motion for a new trial was a nullity. It did not extend the time for filing this appeal. *Treloar et al.* v. *Harris* (1917), 65 Ind. App. 22, 23, 116 N. E. 590.

In the case of *Grider et al. v. Scharf, supra,* the appeal was filed in this court within ninety days from the date judgment was rendered.

The assignment of errors and transcript having been filed more than ninety days after the rendition of

judgment in the trial court, this court is without jurisdiction to consider this case. *Reasor* v. *Reasor* (1945), 115 Ind. App. 535, 60 N. E. 2d 536.

The motion to dismiss is sustained. Appeal dismissed.

Draper, P. J., not participating.

NOTE.—Reported in 80 N. E. 2d 570.