RICHEY *v.* RICHEY.

[No. 18,941.  Filed April 3, 1958.  Rehearing denied May 13, 1958.]

John G. McNutt, of Indianapolis, Amos W. Jackson and Jackson & Jackson, of Versailles, for appellant.

Paul V. Wycoff, of Batesville, for appellee.

PER CURIAM—On March 6, 1956 appellee commenced this action against appellant by filing her complaint for separation from bed and board. Summons was served personally on appellant on March 6, 1956. This summons included the following: "to answer said complaint of Alene M. Richey, Complaint for Divorce and of this writ make due return."

Appellee's complaint averred, in substance, the parties were married on the 24th day of May, 1936 and lived together as husband and wife until the 15th day of February, 1956, on which day they separated and have not since said date lived or cohabited together; that three children were born to said marriage, and she is a fit and proper person to have their custody and desires same. It is then specifically averred that "prior to their separation, defendant was guilty of cruel and inhuman treatment of plaintiff, by reason of which it has become impossible for plaintiff and defendant to live together as husband and wife; that plaintiff has been a bona fide resident of the State of Indiana for more than one year last past, and of the County of Ripley for more than six months last past, and for six years last past has resided at 419 North Buckeye Street, Osgood, Ripley County, Indiana; that she is by occupation a housewife."

Prayer that she be divorced from bed and board from appellant, that she be awarded custody of the children and that appellant be required to pay a rea-

sonable sum at reasonable intervals for the support of herself and children during said separation and for attorney fees, etc.

On May 9, 1956 appellee filed an amended complaint for absolute divorce. The only amendment to this pleading was in the prayer, which asked that the bonds of matrimony heretofore existing between the parties be dissolved, and that she be granted an absolute divorce from appellant. It then asked for custody of the children, support, attorney fees, etc., as did the original complaint. The original and the amended complaint had appended thereto the following affidavit:

> "Alene M. Richey, being duly sworn upon her oath, says: That she is the plaintiff in the above entitled cause; That she has a meritorious cause of action for an absolute divorce from the defendant; That she has no property or means of her own for the preparation of her cause for trial or for the employment of an attorney, and that the matters and things set forth in the foregoing petition are true to the best of her knowledge and belief.
>
> Alene M. Richey<br>Alene M. Richey, Plaintiff
>
> Subscribed and sworn to before me this 4th day of May, 1956.
>
> (seal)
>
> Paul V. Wycoff<br>Paul V. Wycoff, Notary Public
>
> My Commission expires: September 27, 1957"

The prosecuting attorney filed an answer of denial. Appellant did not appear in said cause in person or by attorney.

After trial the court made the following finding:

> "And now the Court having heard the evidence and being fully advised in the premises finds:
>
> "1. That plaintiff is entitled to an absolute divorce from the defendant upon the grounds set out in plaintiff's amended complaint herein.
>
> "2. That plaintiff is a fit and proper person,

and is entitled to the custody of the three (3) children of plaintiff and defendant, namely: Constance Adele Richey, born August 3, 1939; Randal Richey, born July 13, 1947; and, Robin Richey, born October 6, 1949.

"3. That savings accounts in the Ripley County Bank of Osgood, Indiana, in the names of said children, as follows: Constance Adele Richey, in the sum of Four Hundred Thirty-five ($435) Dollars; Randal Richey, in the sum of Ninety-one (91) Dollars; and, Robin Richey, in the sum of Sixty-four ($64) Dollars, were withdrawn by the defendant after the commencement of this action, and that the same should be redeposited in said bank for the use and benefit of said children.

"4. That in settlement of the respective property rights of the parties, plaintiff is entitled to the real estate constituting the former home of plaintiff and defendant, and the present home of plaintiff, in Osgood, Indiana, now owned by plaintiff and defendant as tenants by the entireties, and more fully described as follows, to-wit: (Described)

"5. That plaintiff is entitled to receive from the defendant, for the care, maintenance and support of said children, the sum of Thirty ($30.00) Dollars per week, and that the defendant is entitled to visit said children at all reasonable times.

"6. That plaintiff is entitled to recover from the defendant, for the use of her attorney herein, reasonable attorney fees in the sum of One Hundred ($100.00) Dollars.

"7. That plaintiff is entitled to recover from the defendant, her costs herein paid, laid out and expended."

Judgment accordingly.

Appellant says that since substantially the same question is raised by his first five assignments of error they are grouped together and supported by one argument. These assignments of error are:

1. The court did not have jurisdiction over the subject-matter.

2. The court did not have jurisdiction over the cause.

3. The court did not have jurisdiction over the person of the defendant.

4. The court did not have jurisdiction to render a decree granting the plaintiff an absolute divorce from the defendant.

5. The court erred in granting the plaintiff an absolute divorce from the defendant, upon the default of the defendant, because no summons or process was issued or served upon the defendant summoning or notifying him to appear to or answer the petition or complaint of the plaintiff for an absolute divorce.

Appellant contends "the court did not have jurisdiction over the subject-matter, the cause below, or the appellant, or to grant the appellee an absolute divorce from the appellant." In support of this contention he says the only summons or process served upon him was the summons issued when appellee filed her original complaint for separation from bed and board; that no summons or process was served upon him summoning or notifying him to appear or to answer this so-called amended complaint. He contends, therefore, the court had no jurisdiction to enter the decree and judgment it made in this case.

He asserts the decree for an absolute divorce proceeded under an entirely different statute than does the cause pleaded by appellee's original complaint for separation from bed and board; that therefore appellee's amended complaint substituted for her original action a new and different cause of action, and the judgment herein is erroneous if not void because he was given no notice of such new action.

Section 3-1230, Burns' 1946 Repl., is the statute providing for separation from bed and board. The pertinent provision of that statute is as follows:

"(c) Habitual cruelty of one party towards the other, or such constant strifes of both parties as render their living together intolerable."

The statute providing for the granting of an absolute divorce is §3-1201, Burns' 1946 Repl. The pertinent provision of that statute is as follows:

"Fourth. Cruel and inhuman treatment of either party by the other."

The parties have not cited any Indiana cases on this question, and we have found none in our independent research. In 27 C. J. S., p. 709, it is stated:

"Plaintiff cannot amend so as to change the action for separation to one for absolute divorce, *unless the grounds are the same.*" (Our emphasis.)

In the case of *Harrington* v. *Harrington* (1905), 36 Ind. App. 536, 75 N. E. 1082, this court reversed the judgment of the trial court granting appellee "a separation from bed and board for a limited time" because the trial court struck from the file the cross-complaint of appellant seeking an absolute divorce. If a defendant in such an action may file a cross-complaint for absolute divorce, we can see no reason why a plaintiff may not amend such a complaint and seek an absolute divorce.

However, in this case there is another and more important reason why appellant's contention cannot be sustained. We have heretofore indicated the difference in the phraseology of the statutes relating to separation from bed and board and for absolute divorce. Both the original and the amended complaints, in averring the grounds for separation and the grounds for absolute divorce, assert verbatim the fourth ground of the divorce statute. As hereinbefore set out, the only difference in the two

complaints is contained in the prayer. It is well settled in this jurisdiction that the prayer of a complaint does not determine its character or theory. It is the substantial facts that are controlling. *Houck* v. *Graham* (1885), 106 Ind. 195, 202, 6 N. E. 594; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 417, 108 N. E. 252; *Loftin et al.* v. *Johnson et al.* (1940), 216 Ind. 537, 542, 24 N. E. 2d 916; *Grider* v. *Titus* (1948), 118 Ind. App. 473, 476, 80 N. E. 2d 570. (Transfer denied.)

For the reasons herein stated, we hold there is no merit to appellant's first five assignments of error.

Appellant next consolidates for the purpose of argument his sixth, seventh and eighth assignments of error. In substance, these assignments assert the trial court erred in granting appellee an absolute divorce because she did not file with the clerk of the court an affidavit subscribed and sworn to by her, in which she stated the length of time she or appellant had been a resident of the State of Indiana, and stating particularly the place, town, city or township in which she or appellant had resided for the last year before filing her petition or complaint for separation from bed and board, or before filing her amended complaint for divorce, or in a petition or complaint under or verified by oath. In support of these contentions he says "that since the appellee's knowledge as to the length of time she had been a resident of the State of Indiana, and her knowledge as to the place, town, city or township in which she had resided for the year last past, were necessarily superior to the knowledge as to these things of any other person, that the requirement of said Section 3-1203, Burns' 1946 Replacement, that such matters shall be stated under the petitioner's oath is not met by the statement in the appellee's affidavits that said matters and things 'are true to the best of [the appellee's] knowledge and belief.' "

We have heretofore set out the affidavit of appellee filed with both her original and amended complaints. Only a substantial compliance with §3-1203, *supra,* is required. The residence affidavit provided for by this statute is not jurisdictional. In our opinion the affidavit herein is sufficient to support the residential allegations of the complaint. *Klepfer* v. *Klepfer* (1932), 204 Ind. 301, 173 N. E. 232, 183 N. E. 797; *Evans* v. *Evans* (1939), 107 Ind. App. 127, 23 N. E. 2d 270; *State ex rel. Martin* v. *Eby, Judge* (1947), 225 Ind. 283, 286, 73 N. E. 2d 767; *Prouty* v. *Prouty* (1951), 121 Ind. App. 200, 203, 98 N. E. 2d 380.

Furthermore, the evidence not being in the record, appellant's assignments of error numbered 6, 7 and 8 cannot be considered on appeal. These assignments of error, questioning only the sufficiency of the affidavit, defects of which could have been supplied by the evidence, cannot be considered in the absence of the evidence. *Evans* v. *Evans, supra.*

In our opinion appellant's ninth assignment of error that the court erred in ordering that the defendant redeposit at the Ripley County Bank, Osgood, Indiana, in the names of the children of the plaintiff and the defendant certain savings accounts, does not present a question because even if it were a proper independent assignment of error it would require a consideration of the evidence which is not before us in the record of this case. We must presume the trial court acted properly.

The judgment is affirmed.

Crumpacker, J., concurs in result.

NOTE.—Reported in 149 N. E. 2d 126.