POTOMAC INSURANCE COMPANY,
Plaintiff,

v.

Lewis O. BOLES, administrator of the
Estate of Shirley Jane Beamer,
deceased, Defendant.

No. IP 61-C-22.

United States District Court
S. D. Indiana,
Indianapolis Division.

June 1, 1962.

Bingham, Summers & Spilman, Indianapolis, Ind., for plaintiff.

A. M. Thomas, Indianapolis, Ind., for defendant.

DILLIN, District Judge.

This cause came on to be heard on plaintiff's motion for summary judgment. Plaintiff's complaint prays for a declaratory judgment that defendant has breached the cooperation clause of a policy of insurance covering the operation of an automobile by his decedent, and that plaintiff is not liable under such policy.

On December 24, 1959, plaintiff's insured was killed in an automobile accident. Persons in the vehicle with which the insured was in collision were killed and injured, resulting in claims against her estate. Claimants' attorney, on February 22, 1960, requested the insured's widower to qualify as administrator of her estate, stating that if he failed to do so counsel would cause some other person to be so appointed. Claimants are citizens of Missouri.

No estate had been opened by June 24, 1960, and on that date claimants' counsel caused the defendant herein to be appointed as administrator of the insured's estate. It appearing that the original letters were issued for a restricted purpose, defendant again applied for and was granted letters of administration on the same estate on December 15, 1960, likewise at the instance of claimants' counsel.

Claimants filed claims in each estate and likewise brought suit against the administrator in this Court. The administrator promptly disallowed the claims and forwarded the complaints and summonses to plaintiff, the deceased's widower, or both, and requested plaintiff to defend all

actions pursuant to its policy of insurance.

Plaintiff, through its counsel, advised defendant of a policy defense under Condition 5 of the policy.[1] Counsel for plaintiff also represents the decedent's widower.

The theory of the complaint is that inasmuch as no letters of administration for the estate of Shirley Jane Beamer had been issued prior to defendant's application therefor, and that all claims against her and her estate would have been barred had letters not been issued within one year following her death (Burns' Ind.Stat.Ann. § 7–801 (d)), the defendant, by qualifying as administrator at the request of claimants' attorney, acted fraudulently and collusively to expose the estate and indirectly the plaintiff to a liability which would otherwise have been extinguished by the passage of time.

The question appears to be a novel one, and we have not been furnished with any citation of authority on the precise question presented. However, basic principles of Indiana law make the solution less than complex.

It is obvious that but for the action of Boles, taken at the request of counsel for claimants, no estate would ever have been opened on the estate of Shirley Jane Beamer. This inference follows irresistably from the fact that Potomac's counsel also represent the widower, and the basis of their letter asserting a policy defense, written to the administrator on behalf of both Potomac and Beamer, was the fact of the opening of the estates. Had no estate been opened within the statutory period, the various claims could never have been presented, as the estate of a decedent cannot be a party to an action without some representative. Guernsey's

Estate v. Pennington (1904) 33 Ind.App. 119, 70 N.E. 1008.

Under the Probate Code as it existed prior to January 1, 1954, the largest creditor residing within the State was given a statutory preference to be appointed administrator of a decedent's estate. (Acts 1881 (Spec.Sess.) Ch. 45, § 11, p. 423; 1901, Ch. 121, § 1, p. 281).

The present Code does not specifically give a preference to a creditor, but does provide that if no person having a preference files a petition for letters within 30 days after the date of death of the decedent, then letters may be granted to any other person who is not disqualified. Persons who are disqualified include nonresidents of the State of Indiana, but creditors, or persons acting at the behest of creditors are not included in the list of disqualified persons. Burns' Ind.Stat. Ann. § 7–401.

On the contrary, the present Code specifically contemplates that a personal representative may also be a creditor of the estate by setting up a specific procedure for the handling of claims filed by a personal representative. Burns' Ind.Stat. Ann. § 7–817.

Therefore, it is plain that the individual claimant could himself have properly applied for and been granted letters of administration on the estate of Shirley Jane Beamer at the expiration of 30 days from the date of her death, had he not been disqualified by being a citizen of the State of Missouri. Since the fact of his disqualification stems purely from the policy of the Indiana law to require administrators to be residents of Indiana, and not from the fact that he had a claim against the decedent's estate, it follows that he had a perfect right and in fact a duty, to cause his attorney to procure the opening of the estate through the medium of Mr. Boles. Loftin v. Johnson (1940) 216 Ind. 537, 24 N.E.2d 916; Hildebrand

---

1. Condition 5 of the policy of insurance provides, in part, as follows:

"The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense * * *"

v. Kinney (1909) 172 Ind. 447, 87 N.E. 832.

Following his appointment, Boles promptly notified the plaintiff of the situation, disallowed the claims, and likewise in a timely manner furnished plaintiff with the complaints filed and process issued out of this Court. Plaintiff is accordingly in precisely the same situation regarding the defense of the claims on their merits as it would have been in had an estate been opened by the widower of Mrs. Beamer, or his nominee.

In applying for his letters Boles was, in each instance, acting as an individual, and was not an "insured" within the meaning of the policy of insurance. After his appointment he became an insured, but it cannot be said that his official acts in disallowing the claims and in forwarding copies of documents were other than cooperative. Certain minor actions on the part of the administrator, not described in the complaint, are advanced by plaintiff in its brief as likewise constituting lack of cooperation, but we deem such matters to be unworthy of extended discussion.

Far from finding any facts which would render the action of the administrator in this case a violation of the Condition 5 of the contract of insurance, we hold that public policy would be violated if insurance carriers could assert as a policy defense the mere qualifying of an administrator for a decedent's estate for the purpose of making possible the orderly presentation of a claim against such estate.

The plaintiff asserts that the facts in this case are not in dispute, and we so find. Rather than entitling the plaintiff to a summary judgment in its favor, however, we find that the facts entitled the defendant to a summary judgment. According to the weight of authority, such disposition of this case may be made, notwithstanding the failure of the defendant to file a cross-motion therefor. 6 Moore's Fed.Practice § 56.12, p. 2088.

The clerk is therefore directed to enter summary judgment for the defendant herein, at plaintiff's costs.