ZIMMERMAN *v.* ZIMMERMAN.

[No. 20,454. Filed November 14, 1966.]

496

*Samuel J. Rodino*, of Elkhart, for appellant.

*Richard R. Reynolds*, of Elkhart, for appellee.

WICKENS, P.J.—The question presented here is whether a trial court may grant a statutory separation from bed and board where the applicant has alleged only the grounds prescribed by statute for an absolute divorce.

Appellant-husband sued for divorce and appellee-wife cross-complained. Her cross-petition was titled for "Separation," but it alleged that he was "guilty of cruel and inhuman treatment of the defendant." The trial court entered findings and judgment setting out that it found against the husband on

his complaint for divorce and for the wife on her cross-complaint, and decreeing to her "a separation from bed and board from the plaintiff for a period of five (5) years from this date." Other portions of the judgment settle custody, support and property matters.

Although the motion for new trial and the assignment of errors assail the entire judgment, appellant by his brief has waived, by failure to argue, all questions except "that the court had no authority to grant the appellee a separation from bed and board based on a complaint for absolute divorce." Rule 2-17(e), Rules of the Supreme Court, 1964 Revision.

As a part of his appeal appellant also urges "that the decision of the court be reversed with specific instructions that the court grant to the appellee an absolute divorce from the appellant. . . ."

Actions for divorce and for separation from bed and board are statutory causes and therefore, are subject to the elementary rule that he who seeks the benefit of a statute must bring himself clearly within its provisions. *Hetherington* v. *Hetherington* (1927), 200 Ind. 56, 59, 160 N. E. 345.

There is a clear distinction between "[c]ruel and inhuman treatment of either party by the other," as set out in the divorce statute, and "[h]abitual cruelty of one party towards the other, or such constant strifes of both parties as render their living together intolerable," as provided in the Act for Separation from Bed and Board. Acts 1935, ch. 87, § 1, p. 248, § 3-1201, Burns' 1946 Repl. Acts 1903, ch. 48, § 1, p. 114, § 3-1230, Burns' 1946 Repl. Cruel and inhuman treatment might be established by one incident. Habitual cruelty is not provable by one incident, but under commonly accepted language could be established only by a series of events.

The case of *Richey* v. *Richey* (1957), 128 Ind. App. 503, 149 N. E. 2d 126, which both parties cite, is readily dis-

tinguishable from the case at bar. There the sweeping allegation was so inclusive as to include both divorce and separation statutory charges. Here the charge in the cross-complaint is confined to the identical language of the divorce statute.

It is apparent that the trial court tried the cross-complaint and entered judgment as though it was a separate maintenance action.

> Irrespective of the title a pleader may give the complaint, its true status and purpose must be taken from the necessary allegations thereof.

"It is a well established rule of this jurisdiction that the form of a pleading or what it is called is not important. It is the substance that is controlling." *Grider, et al.* v. *Titus* (1948), 118 Ind. App. 473, 476, 80 N. E. 2d 570, 571.

We are without authority to order an absolute divorce for appellee. There is no way for this court to know if the trial court considered the evidence as it relates to the issue of an absolute divorce for the wife on her cross-complaint. Therefore, the judgment on the cross-complaint is contrary to the principles of law upon which the cross-complaint was based. The judgment insofar as it purports to award a separation to appellee is hereby reversed. A new trial is ordered on the issue formed by the cross-complaint and answer thereto, not inconsistent with this opinion.

The judgment as to the issue formed on appellant's complaint and the support and custody orders not having been questioned on this appeal, we are without authority to disturb such.

Judgment reversed in part with instructions.

NOTE.—Reported in 221 N. E. 2d 190.